5 Pages
Gregory C. Nuti (CSBN 151753)
Kevin W. Coleman (CSBN 168538)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Proposed Attorneys for Bradley Sharp,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**SK FOODS, L.P., a California limited partnership, et al.,**<br><br>Debtors. | Case No. 09-29162-D-11<br><br>Chapter 11<br><br>DC No: SH1 |
| In re :<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>Debtor. | Case No. 09-29161-D-11<br><br>Chapter 11<br><br>DC No.: SH1<br><br>**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF SCHNADER HARRISON SEGAL & LEWIS LLP AS COUNSEL TO CHAPTER 11 TRUSTEE**<br><br>[NO HEARING REQUIRED] |

TO:  THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND ITS COUNSEL

PLEASE TAKE NOTICE THAT Bradley Sharp, the duly appointed and acting chapter 11 trustee in the above captioned case (the "Trustee"), hereby moves the Court (the "Application"), for entry of an order authorizing the employment of Schnader Harrison Segal & Lewis LLP (the "Firm") as the Trustee's general bankruptcy counsel pursuant to Sections 105(a) and 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of

1

the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules"). In support of this request, the Trustee states as follows:

## I. INTRODUCTION

1. On May 7, 2009 ("Petition Date"), SK Foods, L.P. ("SK Foods") and RHM Industrial /Specialty Foods, Inc. ("RHM", and collectively with SK Foods, the "Debtors") filed petitions for relief under the Chapter 11 of title 11 of the United States Bankruptcy Code ("Bankruptcy Code").

2. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The subject matter of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. The statutory predicate for the relief requested herein is Sections 105(a) and 327(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

## II. RELIEF REQUESTED

4. By this Application, the Trustee seeks authority to employ the Firm as his general bankruptcy counsel pursuant to Section 327(a) of the Bankruptcy Code.

## III. BASIS FOR RELIEF REQUESTED

5. The Trustee has determined that retention of counsel is in the best interests of the estate to advise and assist in carrying out his duties as trustee, including:

 a. analysis and recovery of assets of the Debtor's estate;

 b. sale or liquidation of assets of the Debtor's estate;

 c. analysis and/or prosecution of actions arising under Chapter 5 of Title 11;

 d. investigating the financial affairs of the Debtor;

 e. prosecute and/or defend any other litigation or contested matters that may arise in the course of the Trustee's administration of the case;

 f. to prepare, on behalf of the Trustee, any necessary applications, motions, objections, answers, orders, reports, and other legal papers related to the foregoing duties;

g.  to appear in Court on behalf of the Trustee and to protect the interests of the estate in connection with the foregoing duties; and

h.  to perform all the legal services for the Trustee that may be necessary and proper in furtherance of the foregoing duties.

6. It is the intention of the Trustee that the functions to be performed by the Firm will not be duplicative of those performed by the Trustee or other professionals, if any. To that end, the Trustee intends to engage pursuant to Bankruptcy Code § 327(e) the services of Winston & Strawn, the Debtors' counsel, for the purpose of consummating a sale of substantially all the Debtors' assets prior to July 1, 2009, the start of the packing season[1]. The Firm and the Trustee will coordinate efforts with Winston & Strawn so as not to duplicate efforts with respect to the sale of substantially all the Debtors' assets.

7. The Trustee desires to retain the Firm on the basis of its expertise in insolvency law, and believes that it is well qualified to perform the services required in this case.

8. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to the Firm on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the Firm. The Firm's current hourly rates[2] are as follows

| Gregory C. Nuti | $455 |
| Kevin W. Coleman | $ 455 |
| Christopher H. Hart | $435 |
| Kathryn Richter | $425 |

9. The hourly rates set forth above are the Firm's normal hourly rates for work of this type. These rates are set at a level designated to fairly compensate SHSL for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

---

[1] The Trustee engagement of Winston & Strawn will be the subject of a separate employment application.

[2] The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. When appropriate, SHSL will utilize the services of associates and/or paralegals in its Philadelphia or Pittsburgh offices to provide services when it is more cost effective to do so. These associates and paralegals bill at hourly rates lower than the rated indicated on the table above.

10. In addition, it is the Firm's policy to charge its clients in all areas of practice for certain other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, charges for messenger services, air couriers, photocopying, court fees, travel expenses, postage, materials for large mailings, computerized legal research facilities, computerized document inventory and control, investigative searches, and other charges customarily invoiced by law firms in addition to fees for legal services. SHSL will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in accordance with this Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees ("Compensation Guidelines").

11. As set forth in the accompanying Declaration of Gregory C. Nuti ("Nuti Declaration"), the Firm has and continues to review creditor matrix maintained by the Clerk of the Court in this case. Based upon the review thus far, SHSL has determined that it does not hold or represent any interest adverse to the Trustee or the Debtors' estates. Moreover, except as disclosed in Exhibit A to the Nuti Declaration, SHSL has determined that it has no current connection with the Debtor, its creditors, equity security holders, or any other parties-in-interest, or their respective attorneys and accountants, or the United States Trustee or any person employed in the Office of the United States Trustee. Finally, no grounds exist that would make employment of the Firm or any of its attorneys improper under Rule 5002(a) of the Federal Rules of Bankruptcy Procedure.

12. Based upon the foregoing, the Trustee believes that the Firm and the attorneys in the Firm are disinterested persons within the meaning of Bankruptcy Code Sections 101(14) and 327, and that employment of the Firm is in the best interests of the estate.

## IV. NOTICE

13. Notice of this Application has been given to the United States Trustee, the Debtors, Debtor's counsel, the members of the Official Committee of Unsecured Creditors and counsel for the Agent for the secured lenders of the Debtors. The Trustee submits that no further notice need be given.

4

## V. CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order, in form of the Order submitted herewith:

1. Authorizing the Trustee to employ and retain Schnader Harrison Segal & Lewis LLP to represent him as general bankruptcy counsel pursuant to bankruptcy Code section 327(a); and

2. Granting such other and further relief as the Court deems just and proper.

Dated: June 1, 2009     CHAPTER 11 TRUSTEE


/s/ Bradley Sharp
Bradley Sharp

Dated: June 1, 2009     SCHNADER HARRISON SEGAL & LEWIS LLP


By: /s/ Gregory C. Nuti
Gregory C. Nuti
Proposed Attorneys for Bradley Sharp, Chapter 11 Trustee