FILED
June 02, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001869034

10 PAGES

Gregory C. Nuti (CSBN 151753)
Kevin W. Coleman (CSBN 168538)
Kathryn N. Richter (CSBN 100129)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Proposed Attorneys for Bradley Sharp,
Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**SK FOODS, L.P., a California limited partnership,**<br><br>Debtors. | Case No. _09-29162-D-11<br><br>Chapter 11<br><br>DC No. SH2 |
| In re :<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>Debtor. | Case No. 09-29161-D-11<br><br>Chapter 11<br><br>DC No. SH2<br><br>**APPLICATION FOR AUTHORITY TO EMPLOY WINSTON & STRAWN LLP AS SPECIAL COUNSEL**<br><br>**[No Hearing Requested]** |

TO ROBERT S. BARDWIL, HONORABLE UNITED STATES BANKRUPTCY JUDGE:

        1.      Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") in the cases of SK Foods, L.P., a California limited partnership ("SK Foods"), and RHM Industrial Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co. ("RHM") (collectively, "the Debtors"), debtors in the above-captioned cases, hereby requests authority pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014(a) to employ the law firm of Winston & Strawn LLP ("Winston") as special counsel. In support of this application, the Trustee submits

1

PHDATA 3200419_1

the Declaration of Richard A. Lapping (the "Lapping Declaration"), which is incorporated herein by reference. In further support of this application, the Trustee respectfully represents as follows:

2. The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on May 7, 2009. On May 19, 2009, the Court entered orders in the cases of both of the Debtors approving appointment of Bradley D. Sharp as the Chapter 11 Trustee in the cases of both RHM (Docket No. 42) and SK Foods (Docket No. 127).

V. **SCOPE OF EMPLOYMENT**

3. The Trustee deems it appropriate and necessary to employ Winston to advise and perform tasks related to (a) the sale of substantially all of the Debtors' operating assets[1] in their Chapter 11 cases, which has a targeted completion date of July 1, 2009; (b) transition of responsibility for various general matters related to conducting the case from Winston to the Trustee's general counsel; and, (c) the Debtors' obligations with respect to document subpoenas and the disposition of other evidence in the ongoing federal investigation of SK Foods jointly conducted by the United States Attorney's Office in Sacramento and the San Francisco Field Office of the Antitrust Division.

4. Winston has an extensive restructuring and insolvency practice and represents debtors, creditors, committees, and other parties in interest in cases under the Bankruptcy Code and in out-of-court debt restructuring and workouts. Winston has the ability to deploy specialized attorneys who are well qualified to perform any legal work related to the sale due to their expertise as described in the Lapping Declaration. The Debtors are attempting to complete a sale of their assets before the packing season starts at the beginning of July. If the sale of assets is not completed before July 1, the value of the Debtors' estates will fall dramatically, making it imperative that a sale is completed before that date. Winston has been actively involved in the sale thus far, and frankly, there is no time to bring another firm up to speed to complete the sale before the packing season. Thus, Winston is critical to the Trustee completing a successful sale.

---

[1] Debtor's tangible non-operating assets include undeveloped real estate in Hawaii and a luxury condominium in the Fleur du Lac gated community on the shore of Lake Tahoe in California.

PHDATA 3200419_1

5. Winston has been involved closely with the Debtors' restructuring efforts since February, 2009, and has gained extensive and detailed knowledge of the Debtors' businesses and assets, which makes its continuation necessary and valuable to the Trustee in order to complete the expedited sale and to transition work already commenced to the Trustee's counsel to assure continuity and to capture the knowledge residing with Winston.

6. Winston has extensive experience and is well qualified to represent the Trustee in connection with the federal investigation of SK Foods jointly conducted by the United States Attorney's Office in Sacramento and the San Francisco Field Office of the Antitrust Division. Winston replaced prior counsel in dealing with the investigation which commenced publicly when the FBI executed search warrants on various SK Foods locations in April of 2008. During the raids, the FBI seized a large quantity of documents and seized and copied numerous servers and hard drives from computers owned or controlled by SK Foods. Thereafter, Winston negotiated a cost effective response to further subpoena compliance, which is not stayed under Bankruptcy Code section 362. Further issues remain as to review for privilege of those categories of documents that were exempted from the Antitrust Division's electronic search of the data and other documents seized. In addition, the Antitrust Division attorneys have reserved the right to supplement its request for documents responsive to the subpoena if they have reason to believe that other responsive documents are in the custody or control of the client. It is also imperative to preserve relevant documents at the various SK Foods facilities to insure that SK Foods does not inadvertently destroy or otherwise spoil or compromise documents and electronic records being held on site, thereby incurring administrative expense liability arising from the investigation.

7. The professional services which Winston will render to the Trustee in connection with their bankruptcy cases include:

(a) Advising and representing the Trustee with respect to all matters and proceedings related to the sale of the Debtors' assets;

(b) Dealing with parties in interest and their attorneys and agents as is necessary in relation to the Debtors' sale of assets;

PHDATA 3200419.1

1	        (c)      Preparing on behalf of the Trustee necessary applications, orders and other legal papers related to the sale of assets;

        (d)      Counseling the Trustee with respect to the sale of assets and its effect on other bankruptcy matters;

        (e)      Communicating with the Trustee and his general counsel regarding transition matters; and,

        (f)      Providing advice and counsel to the Trustee relative to the Federal investigation and proceedings against the Debtors, including but not limited to responding to pending Federal Subpoenas, negotiating with the government, and advising the Trustee regarding obligations of the Debtors' estates arising from the federal investigation.

## VI.    EMPLOYMENT UNDER SECTION 327

8.      This Application seeks to employ Winston only as special counsel under Section 327(e) to assist the Trustee in the transition period from the Debtors' commencement of their Chapter 11 cases through the sale of substantially all of the Debtors' assets. The Trustee has applied to engage separate general bankruptcy counsel under 327(a).[2] However, the Trustee's general bankruptcy counsel was only hired the week of May 18, 2009, when the Trustee was appointed, meaning that it would not be cost effective or practical for the Trustee to bring general counsel up to speed in time to effectively assist in the asset sale. Winston, however, has been working with the Debtors for months and is familiar with all the issues surrounding the Debtors' sale of substantially all of their assets and the federal investigation. The Trustee believes that using Winston to take the lead role in getting a sale consummated will be more cost effective during this transition period. The Trustee anticipates that Winston's employment will be substantially complete by July 1, 2009, except possibly for the work performed for the Federal Investigation.

9.      The Trustee's general bankruptcy counsel will represent the Trustee in conducting the case, which includes advising the Trustee with respect to his duties and powers; negotiations

---

[2] The Trustee has selected the Schnader, Harrison, Segal & Lewis law firm as general bankruptcy counsel.

4

with all creditors and other constituencies other than asset purchasers; formulating, negotiating, finalizing and seeking confirmation of a plan of reorganization; reviewing and objecting to claims; advising on pursuing preferences and avoidance actions; and providing for distribution to creditors. Winston's duties will be limited to documenting and structuring the sale terms and conditions, assisting as needed in connection with the federal investigation, and assisting in the transition of general bankruptcy counsel duties to the Trustee's counsel. Winston's duties will not overlap with the duties to be performed by the general bankruptcy counsel.

10. Two cases in particular demonstrate that employment of Winston as special counsel to assist in the asset sale is appropriate. In re Johnson, 397 B.R. 486 (Bankr. E.D. Cal. 2008) and In re Woodworkers Warehouse, Inc., 323 B.R. 403 (D. Del. 2005) both allowed appointment as special counsel under 327(e) in similar situations. In In re Johnson, the court recognized that a trustee ought to employ (as special counsel under 327(e)) Chapter 11 debtors' counsel to assist in the transition from debtor-in-possession to trustee control. In that case, the court set forth the four requirements for 327(e) appointment, derived from the statute itself: "(1) the trustee must be persuaded to request the employment of the debtors' counsel; (2) the purpose must be a specified special purpose that does not include representing the trustee in conducting the case; (3) the employment must be in the best interest of the estate; (4) the attorney must not represent or hold any interest adverse to the debtor or to the estate with respect to the services to be rendered; and (5) the court must approve the employment.". In re Johnson, 397 B.R. at 491.

11. The Trustee seeks to engage Winston for a "specified special purpose." In In re Woodworkers Warehouse, Inc., a district court in Delaware affirmed the bankruptcy court's appointment of special counsel to assist in a sale of substantially all the estate's assets despite the arguments by the United States Trustee that special counsel would be essentially "conducting the case" and thus could not satisfy the "special purpose" requirement. 323 B.R. at 406. The court found, though, that conducting the asset sale satisfied the special purpose requirement in part, because the debtor had obtained general bankruptcy counsel which conducted the basic tasks of the case, such as advising the debtor with respect to its duties and powers; formulating, negotiating, finalizing and seeking confirmation of a plan of reorganization; reviewing and

objecting to claims; dealing with avoidance and preference actions; and asset distribution to creditors. Id. at 407. Here, the Trustee has applied for employment of general bankruptcy counsel with the same duties as well as many others in this complex and multi-faceted case. The district court also was not dissuaded by the fact that the special counsel also sought to complete post-petition tasks that it had begun before bankruptcy, including obtaining for the debtor the use of cash collateral and finalizing a key employee retention program motion. Id. at 408.

12. In In re Running Horse, LLC, 371 B.R. 446 (Bankr. E.D. Cal. 2007), a bankruptcy court denied the appointment of special counsel. However, in that case, the court was manifestly concerned by numerous connections between the special counsel, insiders and other parties adverse to the debtor. As a result, the court scrutinized the application more than it otherwise would. The court essentially viewed the section 327(e) application as an attempt to get around the disinterested requirement of section 327(a), because section 327(e) only requires that the special counsel not hold an "adverse interest" to the state. ("A professional whose services may be vital to the debtors' reorganization effort, but who is not 'disinterested' and eligible for employment under § 327(a), cannot circumvent that requirement by trying to characterize the employment as 'special counsel' under § 327(e).") Id. at 452 (citing In re Tidewater Memorial Hospital, Inc., 110 B.R. 221, 228 (Bankr. E.D. Va. 1989)). Winston does not represent other parties with adverse interests to the Debtors' estates and is not using 327(e) as a way to circumvent the "disinterestedness" requirement. Winston is disinterested.

13. Winston also has a clear and "specified special purpose" whereas the proposed counsel in In re Running Horse did not. There, counsel sought to represent the debtors on "real estate and business transaction matters," which the court and U.S. Trustee felt was too vague a description and did not delineate the duties vis-à-vis special counsel and general bankruptcy counsel. In re Running Horse, LLC, 371 B.R. at 450. Winston's role is well defined both as to scope and duration, as it only seeks to advise the Trustee on the asset sale, which is on a tight schedule to conclude before the packing season starts on July 1, 2009. The Trustee's general bankruptcy counsel will perform all the tasks listed above, including but not limited to advising the debtor with respect to its duties and powers; formulating, negotiating, finalizing and seeking

confirmation of a plan of reorganization; reviewing and objecting to claims; dealing with avoidance and preference actions; and asset distribution to creditors.

VII. **TERMS OF EMPLOYMENT**

14. The Trustee has agreed to the employment of Winston according to Winston's standard terms, which include monthly billing for professional services rendered and reimbursement of expenses incurred on behalf of the Trustee, subject to Court approval. Winston's fees are computed and billed on a time-expended basis in accordance with the standard hourly rates assigned to the particular attorneys and paralegals performing the work. The primary attorneys presently responsible for this representation and their current hourly rates are set forth immediately below:

| Attorney | Hourly Rate |
| --- | --- |
| David A. Honig | $695.00 |
| Marcus O. Colabianchi | $530.00 |
| Christine Hoefliger | $505.00 |
| Michelle K. Leung | $330.00 |
| David L. Wilson | $325.00 |

15. Some work may be done by other attorneys or other professionals whose hourly rates may be different from those persons listed above. The standard hourly billing rates for the Winston's partners range from $400.00 per hour to $995.00 per hour; the standard hourly billing rates for Winston's associates range from $210.00 per hour to $670.00 per hour; the standard hourly billing rates for the Winston's paralegals range from $110.00 per hour to $300.00 per hour; and the standard billing rates for Winston's litigation support specialists range from $210.00 per hour to $240.00 per hour. The terms and conditions of Winston's employment include reimbursement of a number of expenses incurred in the course of the representation, such as photocopying, long-distance telephone calls, computer research, delivery services and travel.

16. Winston intends to apply to this Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the United States Trustee's Guidelines, and the rules and orders of this Court. Pursuant to the Bankruptcy Code, Winston's allowed fees and reimbursable expenses will constitute administrative expenses of the Debtors' estates.

7

## VIII. PROFESSIONAL DISCLOSURE

17. The Debtors and the Trustee do not believe that there is any prior representation by Winston that would pose any actual conflict of interest in these Chapter 11 cases. Winston has not previously represented the Debtors. Winston has not represented the Trustee in any matters related to the Debtors. Winston is not a general unsecured creditor of the Debtors. Winston has not agreed to share with any person or entity any compensation Winston may be awarded in these cases, except among members of Winston. No other payments have been made or promised to Winston in connection with this employment except those described herein.

18. To the best of the Trustee's knowledge, except as set forth in the Lapping Declaration filed concurrently herewith, none of Winston's connections with the Debtors' creditors, shareholders or any other party in interest, or their respective attorneys and accountants create any adverse interest to the Debtors or the Trustee. A list of the parties searched to explore potential conflicts includes all parties on the creditors matrix filed in these cases plus the parties on the list on Exhibit A to the Declaration of Richard A. Lapping, filed concurrently herewith, and those entities identified in the Declaration of Richard A. Lapping ISO of the instant Application.

19. In addition, to the best of the Trustee's knowledge, the attorneys of Winston who will appear in these cases are active members of the California State Bar, duly admitted to practice before the above-entitled Court, and have no known connection with the United States Trustee or any person employed in the office of the United States Trustee.

20. Based upon the Lapping Declaration, the Trustee believes that Winston does not represent interests adverse to the Debtors or their estates in the matters in which it is to be retained, and that Winston holds no "adverse interests" to the Trustee or the Debtors' estates.

## IX. BASIS FOR GRANTING APPLICATION NUNC PRO TUNC

21. Debtors previously filed (on May 22, 2009) an application for Winston to be counsel for the Debtors, however in the intervening time period, the Trustee was appointed. That previous application was denied, without prejudice, on May 27, 2009 due to the fact that Debtors were no longer debtors in possession. Since the petition date, Winston has continued work on the above-listed tasks, which work has benefited the Estate.

PHDATA 3200419.1

22. *Nunc pro tunc*, or retroactive employment of professionals may be authorized in some circumstances where the applicant failed to timely apply for employment with the bankruptcy court. In *In re Kroeger Property and Dev., Inc.*, the BAP stated that *nunc pro tunc* employment is appropriate in "exceptional circumstances." *In re Kroeger Property and Dev., Inc.*, 57 B.R. 821, 822 (9th Cir. B.A.P. 1986). The Ninth Circuit has adopted a two factor test to determine if "exceptional circumstances" exist: (1) the applicant must give a satisfactory explanation for the failure to receive prior judicial approval of his or her engagement; (2) the applicant must demonstrate benefit to the estate. *In re THC Financial Corp.* 837 F.2d 389, 392 (9th Cir. 1988).

23. Here, exceptional circumstances exist in that the debtor in possession moved for the appointment of a Chapter 11 trustee on May 8, 2009, the second day of the case, which motion was granted on May 12, leading to the appointment of a trustee before the filing debtor's application, which was otherwise timely under Rule 2016(b). The application by the debtor was deemed unauthorized because the debtor's authority to file it as a debtor-in-possession under Bankruptcy Code section 1107(a) had expired with the appointment of the Trustee. The Trustee submits that both the satisfactory explanation and the benefit to the estate of the past and continued employment of Winston have been amply demonstrated.

24. Given the circumstances of this case, the fact that the initial application to employ Winston was promptly filed, and the benefit derived or to be derived from Winston's efforts since the petition date, it is appropriate to grant the instant application nunc pro tunc, effective as of the petition date.

///
///
///

9

PHDATA 3200419_1

## X. CONCLUSION

25. WHEREFORE, the Trustee requests that it be authorized to employ Winston & Strawn LLP as special counsel under section 327(e) of the Bankruptcy Code in the cases of both Debtors, on the terms and conditions described herein, and effective as of May 7, 2009.

Dated: June 2, 2009　　　　　　　　　　CHAPTER 11 TRUSTEE

By /s/ *Bradley D. Sharp*
　　Bradley D. Sharp
　　Chapter 11 Trustee for Debtors SK Foods,
　　L.P. and RHM Industrial/Specialty Foods,
　　Inc., d/b/a Colusa County Canning Co.

Dated: June 2, 2009　　　　　　　　　　SCHNADER HARRISON SEGAL & LEWIS LLP

By:　/s/ *Gregory C. Nuti*
　　Gregory C. Nuti
Proposed Attorneys for Bradley Sharp, Chapter 11 Trustee