FILED
June 02, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001868267

**5 Pages**

**WINSTON & STRAWN LLP**
Richard A. Lapping (SBN: 107496)
rlapping@winston.com
John D. Fredericks (SBN: 168309)
jfredericks@winston.com
Justin E. Rawlins (SBN: 209915)
jrawlins@winston.com
Marcus O. Colabianchi (SBN: 208698)
mcolabianchi@winston.com
101 California Street, 39th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Proposed Special Counsel to Bradley
D. Sharp, as Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re: <br> **SK FOODS, L.P., a California limited partnership,** <br> Debtor. | **Case No. 09-29162-D-11** <br> Chapter 11 <br> **DC No. RAL-21** |
| In re: <br> **RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,** <br> Debtor. | Case No. 09-29161-D-11 <br> Chapter 11 <br> DC No. N/A <br> **NOTICE OF FILING OF NOTICE OF AUCTION AND SALE** |

1

**PLEASE TAKE NOTICE** that the Chapter 11 Trustee hereby files the attached Notice of Auction and Sale with the Clerk of the United States Bankruptcy Court for the Eastern District of California, Sacramento Division.

Dated: June 2, 2009            WINSTON & STRAWN LLP

By: /s/ Richard A. Lapping
      Richard A. Lapping
      Proposed Special Counsel to Bradley
      D. Sharp, as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership,<br><br>              Debtor.<br>In re:<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>              Debtor. | Chapter 11<br>Case No. 09-29162-D-11<br><br><br><br>Chapter 11<br>Case No. 09-29161-D-11<br><br>Bid Deadline: June 9, 2009<br>Objection Deadline: June 16, 2009<br>Auction Date: June 18, 2009<br>Sale Hearing Date: June 19, 2009 at 10:00 a.m. |

## NOTICE OF AUCTION AND SALE

**THIS NOTICE DESCRIBES A BANKRUPTCY AUCTION THAT MAY AFFECT THE LEGAL RIGHTS OF CREDITORS AND CUSTOMERS OF SK FOODS, L.P., AND RHM INDUSTRIAL/SPECIALTY FOODS, INC., d/b/a COLUSA COUNTY CANNING CO.**

### (PLEASE READ IT CAREFULLY)

**PLEASE TAKE NOTICE** that, on May 7, 2009, SK Foods, L.P., a California limited partnership, and RHM Industrial/Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co. (collectively, the "Debtors"), filed their motion for entry of an order pursuant to §§ 105(a), 363, 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving bidding procedures (the "Bidding Procedures") in connection with the going-concern sale (the "Sale") of substantially all of the Debtors' assets (the "Property") (including authorizing and scheduling an auction (the "Auction") in connection with the Sale); (b) approving procedures pursuant to which the Debtors may become obligated, in connection with the Debtors' entry into an asset purchase agreement with a third party prior to the Auction, to pay a break-up fee to such third party, to reimburse such third party's reasonable out-of-pocket expenses, and to provide other customary "stalking horse" overbid protections (collectively, the "Stalking Horse Bidder Protections"), in each case in accordance with the terms and conditions of such asset purchase agreement; (c) scheduling a hearing to consider approval of the Sale (the "Sale Hearing") and approving the form and manner of notices of the proposed Sale, the Bidding Procedures, the Auction, and the Sale Hearing; and (d) approving the procedures to determine and the form and manner of notice with respect to, the amounts to be paid and actions to be taken to cure defaults, if any, under the executory contracts and unexpired leases to be assumed by the applicable Debtor and assigned to the purchaser of the Debtors' assets (collectively, the "Assigned Contracts") in connection with the Sale.

On May 22, 2009, the Bankruptcy Court entered an order (the "Bidding Procedures Order")[1] approving the Bidding Procedures which, among other things, established procedures for the submission of bids, the holding of an Auction and scheduling a Sale Hearing regarding the Sale of substantially all of the Debtors' Property. You may obtain a copy of the Bidding Procedures Order without charge by visiting the website maintained for the Debtors' bankruptcy cases, www.bmcgroup.com/skfoods, and navigating to the page for "Bidding Procedures," or by contacting Marcus O. Colabianchi, Esq., at Winston & Strawn LLP, 101 California Street, 39th Floor, San Francisco, California 94111-5802, telephone no. (415) 591-1000.

Any party that wishes to submit a bid for the Property or any portion thereof must, as detailed in the Bidding Procedures Order, (a) deliver to the Debtors[2] an executed Confidentiality Agreement, (b) meet all of the Qualified Bid Requirements, (c) submit a Good Faith Deposit, and (d) deliver the following documents (collectively, the "Qualified Bid Documents") to the Debtors and their Advisors by no later than 5:00 p.m., Pacific Time, on June 9, 2009 (the "Bid Deadline"):

i. A written offer in the form described in the Bidding Procedures Order, stating that: (I) such Qualified Bidder offers to purchase all or substantially all of the Property associated with the Lemoore Plant, the Colusa Plant, or both; and (II) such Qualified Bidder's offer is irrevocable and shall remain open until the earlier of (x) the closing of a sale pursuant to a Qualified Bid, and (y) June 29, 2009, or such later date as may be required under the Bidding Procedures; and

ii. (I) The most current audited and latest unaudited financial statements (the "Financial Information") of such Qualified Bidder, or (II) if the Qualified Bidder is an entity formed for the purpose of purchasing the subject Property then: (x) the Financial Information of the equity holder(s) of the Qualified Bidder, or such other form of financial disclosure acceptable to the Debtors and the Agent; and (y) the written commitment of such equity holder(s) to be responsible for the Qualified Bidder's obligations in connection with the purchase of the subject Property, or (III) such other documents and information acceptable to the Debtors and the Agent which evidences the Qualified Bidder's ability to consummate the purchase transaction contemplated in its offer, including adequate assurance of future performance under the Assigned Contracts.

In addition, on or before the Bid Deadline, each Qualified Bidder must file with the Bankruptcy Court, and serve upon the Debtors and certain other parties in the manner described in the Bidding Procedures Order, a written disclosure of any connections or agreements between such Qualified Bidder and the Debtors, or their respective affiliates and insiders.

The Stalking Horse Bid shall be subject to the Debtors' right to accept a superior bid made at the Auction, subject to applicable Stalking Horse Bidder Protections. To the extent the Debtors receive one or more Qualified Bids in addition to the Stalking Horse Bid, the Debtors will, unless otherwise ordered by the Court, conduct an Auction with respect to the subject Property. Such Auction will commence at 9:00 a.m., Pacific Time, on June 18, 2009, at a location to be determined, or at such later time and at such other place as shall be reasonably acceptable to the Debtors and the Agent, or as is otherwise approved by the Court and of which the Debtors shall notify all Qualified Bidders and all other persons entitled to attend the Auction.

---

[1] All capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Bidding Procedures Order.

[2] On May 18, 2009, pursuant to 11 U.S.C. § 1104(d), the United States Trustee appointed Bradley D. Sharp, of the firm of Development Specialists, Inc., as chapter 11 trustee in each of the Debtors' bankruptcy cases (in such capacity, the "Chapter 11 Trustee"), and the Chapter 11 Trustee was substituted for the Debtors as the moving party on the Motion. Accordingly, all references herein to the rights and duties of either or both of the Debtors shall be deemed to apply equally to the Chapter 11 Trustee in each of the Debtors' bankruptcy cases, as applicable.

Except as otherwise directed by the Court, only the Debtors, the Agent and Secured Lenders, Qualified Bidders, the United States Trustee, the Committee, any non-debtor party to proposed Assigned Contracts, and such other persons expressly invited by the Debtors or the Agent, in each case with their respective advisors, will be entitled to attend, participate and be heard at the Auction.

The Court will hold the Sale Hearing to consider approval of the Sale on June 19, 2009 at 10:00 a.m.

**If you seek to object to the sale of the Property or any portion thereof, you must comply with the terms for making such objections set forth in the Bidding Procedures Order, including the filing of such objections with the Court.** If you fail to timely file an objection on or before June 16, 2009, you shall be barred from asserting, at the Sale Hearing or thereafter, any objection to the Sale or the Debtors' assumption and assignment of any Assigned Contract or the consummation of the Sale and performance under the Stalking Horse Purchase Agreement (if any) or any other alternative agreement entered into with the Successful Bidder, including the transfer of the Property free and clear of encumbrances (other than permitted encumbrances specifically provided for therein).

By scheduling the Auction and Sale Hearing pursuant to the Bidding Procedures Order, the Debtors intend to complete the Sale of substantially all of their operating assets, to the party with the highest and best bid for such assets, on or before July 1, 2009, in order to maximize the value of such assets for creditors of the Debtors' estates. The proceeds of such Sale may be available for the administration of the Debtors' bankruptcy cases and payment to creditors of the Debtors' estates, subject to the provisions of the title 11 of the United States Code, the Federal Rules of Bankruptcy Procedures, and the guidelines and rules of procedure applicable to these cases. Upon completion of the Sale, the proceeds from the Sale will be held for distribution. The proceeds of such Sale, however, may not satisfy the total amount of secured claims and thus, there may be no distribution to unsecured or other creditors or interest holders.

**ALL CREDITORS AND/OR INTEREST HOLDERS RECEIVING THIS NOTICE SHOULD REVIEW THE BIDDING PROCEDURES ORDER AND CONSULT THEIR OWN LEGAL COUNSEL AND/OR ACCOUNTANT(S) AS TO LEGAL, TAX, AND OTHER MATTERS CONCERNING THEIR CLAIMS OR INTERESTS IN THESE CASES AND THE EFFECT, IF ANY, WHICH THE SALE WILL HAVE UPON THEM.**

Copies of all related documents are available upon written request to the Chapter 11 Trustee at the following address:

> Winston & Strawn LLP
> ATTN: Marcus O. Colabianchi
> 101 California Street, 39th Floor
> San Francisco, CA 94111-5802
> telephone: (415) 591-1000

Dated: May 27, 2009              WINSTON & STRAWN LLP

                        By:   /s/ Richard A. Lapping
                              Richard A. Lapping
                              Proposed Special Counsel for Bradley
                              D. Sharp, as Chapter 11 Trustee