3 Pages
Gregory C. Nuti (151754)
E-Mail: gnuti@schnader.com
Kevin W. Coleman (168538)
E-Mail: kcoleman@schnader.com
Kathryn N. Richter
E-Mail: krichter@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Proposed Attorneys for Bradley Sharp, Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**SK FOODS, L.P., a California limited partnership, et al.,**<br><br>Debtors. | Case No. 09-29162-D-11<br><br>Chapter 11<br><br>DC No: SH5<br><br>Case No. 09-29161-D-11 |
| In re :<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>Debtor. | Chapter 11<br><br>DC No.: SH5<br><br>**TRUSTEE'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION FOR ORDER DETERMINING THAT CERTAIN AGREEMENTS WITH RELATED PARTIES CONSTITUTE "EXECUTORY CONTRACTS" FOR PURPOSES OF 11 U.S.C. §365**<br><br>DATE: [TBD]<br>TIME: [TBD]<br>PLACE: COURT ROOM 34<br>501 I STRET<br>SACRAMENTO, CA 95814<br>HON. ROBERT S. BARDWIL<br>[NO HEARING REQUIRED] |

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

Bradley D. Sharp, Chapter 11 Trustee (the "Trustee") in the cases of SK Foods, L.P., a California limited partnership ("SK Foods"), and RHM Industrial Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co. ("RHM") (collectively, "the Debtors"), hereby moves this Court for an order shortening time to hear his Motion For Order Determining That Certain Agreements With Related Parties Constitute "Executory Contracts" For Purposes Of 11 U.S.C. §365 ("Motion"). The Motion and supporting evidence is being filed contemporaneously herewith.

In the Motion, the Trustee seeks an order determining that three (3) Discharge Agreements between the Debtors and related parties were executory as of the filing of the Debtors' bankruptcy cases, and therefore, are subject to assumption or rejection by the Trustee. The Discharge Agreements are necessary to operate the Debtors' two processing facilities; it is impossible to operate either facility without the ability to discharge waste water. In order to obtain the highest and best price for the two facilities, the Trustee must be able to assure potential bidders prior to the auction scheduled for June 18, 2009 that he can deliver these crucial agreements as part of the sale.

***Preliminary Statement/Summary***

1. The instant application seeks to set the Trustee's Motion To Assume for hearing on Monday, June 15, 2009 or as soon thereafter as the Court may hear the matter, but in any event prior to the auction set for June 18, 2009.

***Jurisdiction and Venue***

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2). Venue is property pursuant to 28 U.S.C. 1409 and 1409. This motion is authorized and based upon Local Rule 9014-1(f)(3).

***Discussion***

3. As this Court is aware, substantial time pressures are in play in these cases. If a meaningful amount is to be realized via a sale of the Debtor's assets, such sale must close on or before July 1, 2009.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

4. To this end, this Court has approved certain bidding and sale procedures for a sale of substantially all of Debtors' assets. The auction is set for June 18 and the hearing to approve the successful bid and sale is set for June 19 at 9:00 a.m.

5. During the course of the Trustee's investigation and negotiation of a putative sale, it became apparent that the Discharge Agreements are crucial to closing a sale transaction. Certain parties assert that the Discharge Agreements cannot be assumed as part of the sale. Without the Discharge Agreements, the facilities cannot operate. Any uncertainty in the Trustee's ability to deliver these agreements as part of a sale will substantially impair the price a buyer would be willing to pay for the facilities.

6. Wherefore, Trustee requests that the Court set a hearing on the Motion prior to the auction such that buyers will know whether the Trustee can deliver the Discharge Agreements as part of a sale.

7. The Trustee is serving this Application and the Motion to Assume upon (a) the United States Trustee, (b) the individual members of the Official Committee of Unsecured Creditors (the "Committee"), (c) the Committee's counsel, (d) counsel for Bank of Montreal and (e) the contracting parties to the Discharge Agreements. In light of the relief requested, the Trustee asserts that such notice is sufficient and proper and that no other notice is needed.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of order attached hereto as Exhibit "A" and to grant other relief as is necessary and proper.

Dated: June 9, 2009                    Schnader Harrison Segal & Lewis LLP

/s/ Gregory C. Nuti
Gregory C. Nuti
Proposed Attorneys for Plaintiff Bradley Sharp,
Chapter 11 Trustee

PHDATA 3201416 1