Debra I. Grassgreen (CA Bar No. 169978)
Miriam Khatiblou (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail:dgrassgreen@pszjlaw.com
mkhatiblou@pszjlaw.com

Attorneys for Kraft Global Foods, Inc.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California Limited Partnership,<br><br>                  Debtor.<br><br>In re:<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>                  Debtor | Case No.: 09-29162-D-11<br><br>Chapter 11<br><br>DCN RAL – 23<br><br>Date:   June 19, 2009<br>Time:  10:00 AM<br>Place:  U. S. Bankruptcy Court<br>           Courtroom 33, 6th Floor<br>           501 I Street<br>           Sacramento, CA<br>Judge:  Honorable Thomas C. Holman |

**DECLARATION OF DARRELL J. GRAHAM IN SUPPORT OF KRAFT FOODS' OBJECTION TO DEBTOR'S NOTICE OF CURE AMOUNTS FOR POSSIBLE ASSUMPTION, SALE AND ASSIGNMENT OF CERTAIN <u>UNEXPIRED LEASES AND EXECUTORY CONTRACTS</u>**

I, Darrell J. Graham, declare as follows:

1.    I am counsel for Kraft Global Foods, Inc. ("Kraft"). I have personal knowledge of the matters stated herein. If called as a witness, I could and would testify competently as to those facts.

2.    This declaration is submitted in support of the *Kraft Foods' Objection to Debtor's Notice of Cure Amounts For Possible Assumption, Sale and Assignment of Certain Unexpired*

1

50184-001\DOCS_SF:65964.1

*Leases and Executory Contracts* ("Objection"). Capitalized terms which appear in this declaration are used in the manner in which they are defined in the Objection.

B  **The Contracts And Kraft's Claims.**

3.  I am informed and believe that Kraft and SK Foods have entered into the following contracts for the purchase of tomato related products[1] (including the Contract Number 20149 which the Trustee identified as an "Assigned Contract") during the period of time that SK Foods admitted to bribing Kraft's employee, mislabeling products that were sold to Kraft and engaging in the other dishonest acts specified in the various plea agreements attached hereto.

| Contract No. | Date |
|---|---|
| 0000011741 | 8/1/2004 |
| 0000014040 | 7/25/2005 |
| 0000016238 | 7/7/2006 |
| 0000016243 | 7/7/2006 |
| 0000018256 | 7/10/07 |
| 0000018325 | 7/31/07 |
| 0500003476 | 8/29/2007 |
| 0000020071 | 7/3/2008 |
| 0000020077 | 7/8/2008 |
| 0500003861 | 7/8/2008 |
| 0000020149 | 7/21/2008 |
| 0500003908 | 8/8/2008 |
| 0000021129 | 2/4/2009 |

4.  A redacted copy of the Contract is attached hereto as **Exhibit A**. As evidenced by the Contract, no products were delivered to Kraft as required by the Contract.

---

[1] Due to the proprietary nature of the information contained in the Contracts, Kraft is unwilling at this time to attach copies of the contracts identified herein except for a redacted version of the Contract at issue.

5.  Upon review of the various plea agreement which are attached hereto, I am informed and believe and thereon allege that Kraft has numerous claims against the Debtors arising out of and relating to, the Debtors' misconduct, including but not limited to: (1) breach of contract; (2) commercial bribery;[2] (3) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS Section 505/1); (4) common law fraud; (5) inducement of breach of fiduciary duty and tortious interference with contract; (6) civil conspiracy; (7) violations of the Sherman Act (15 U.S.C. Section 1); and (8) violations of the Robinson Patman Act (15 U.S.C. Section 13).

6.  While Kraft has sustained considerable damages as a result of the Debtor's dishonest actions, the exact cure amount due under the Contract cannot be determined at this time. However, it is estimated that the Debtors have obtained illegal profits from Kraft in connection with all of the contracts identified above, in an amount of no less than $10 million dollars.

**C**  **The Bribery**

7.  Attached hereto as **Exhibit B** is the Plea and Cooperation Agreement of Randall Rahal ("Rahal"), dated December 2008, a former employee of SK Foods, L.P. ("SK Foods").

8.  Attached hereto as **Exhibit C** is a copy of the Plea and Cooperation Agreement of Robert Watson a former purchasing agent for Kraft.

**D**  **The Intentional Mislabeling of Product**

9.  Attached hereto as **Exhibit D** is a copy of the Plea and Cooperation Agreement of Jennifer Lou Dahlman, a former SK Foods employee.

///
///
///
///
///
///

---

[2] The measure of damages for commercial bribery is the profit earned by the tortfeasor. See, *Williams Electronics Games, Inc. v. Garrity*, 366 F.3d 569, 576 (7th Cir. 2004)("commercial bribery is a deliberate tort, and one way to deter it is to make it worthless to the tortfeasor by stripping away all his gain, since if his gain exceeded the victim's loss a damages remedy would leave the tortfeasor with a profit from his act."); *Hill v. Names & Addresses, Inc.*, 212 Ill.App.3d 1065, 571 N.E.2d 1085, 1098 (1st Dist., 1991)(constructive trust imposed to take away profit from tortfeasor).

1       I declare under penalty of perjury that the foregoing is true and correct. Executed this 16 day of June 2009 at Chicago, Illinois.

*/s/ Darrell J. Graham*

Darrell J. Graham

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA