FILED
June 21, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001907468

STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

MALCOLM SEGAL, State Bar No. 075481
SEGAL & KIRBY LLP
770 L Street, Suite 1440
Sacramento, CA 95814
Telephone: (916) 441-0828
Facsimile: (916) 446-6003
msegal@segalandkirby.com

Attorneys for Scott Salyer

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership, et al.,<br><br>          Debtors.<br><br>In re:<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>          Debtor. | CASE NO.: 09-29162-D-11<br>Chapter 11<br><br>DCN: FWP-1<br><br>Date:    TBD (App for OST Filed)<br>Time:   TBD<br>Ctrm:   34<br><br>CASE NO.: 09-29161-D-11<br>Chapter 11 |

**SCOTT SALYER'S MOTION FOR PROTECTIVE ORDER RE DEPOSITION**

Scott Salyer ("Salyer"), hereby moves this Court pursuant to Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 26(c)(1) of the Federal Rules of Civil Procedure, for a protective order requiring that:

(1) the deposition set by the Trustee, Bradley D. Sharp (the "Trustee"), on Friday, June 19, 2009, requiring Salyer to appear for deposition on Monday, June 22, 2009, in San

Francisco in connection with the evidentiary hearing concerning the Trustee's "Motion for Order Determining that Wastewater Discharge Agreements with Related Parties Constitute Executory Contracts" should not occur on that date, but should instead occur, if at all, on June 25 or 26, 2009; and

(2) the Trustee provide Salyer's counsel with an outline of his prospective questioning at the proposed deposition on or before June 24, 2009, to assist counsel in evaluating whether the deposition sought by the Trustee will implicate Salyer's Fifth Amendment privilege.

## DISCUSSION

### A. The Trustee's Counsel Has Not Reasonably Cooperated In Scheduling Salyer's Deposition.

As this Court is aware, substantial time pressures are at play in these cases, and the parties are currently operating under a compressed discovery schedule for the evidentiary hearing set for June 29, 2009, concerning the Trustee's "Motion for Order Determining that Wastewater Discharge Agreements with Related Parties Constitute Executory Contracts."

On Friday, June 19, 2009, Salyer's counsel received a letter from the Trustee's counsel requiring Salyer to appear for deposition on Monday, June 22, 2009, in San Francisco. Supporting Declaration of Malcolm S. Segal at ¶ 3 ("Segal Decl."). A true and correct copy of the June 19th letter is attached to the Exhibit Document filed herewith as Exhibit A.[1]

Upon learning of the letter, Salyer's counsel, although not in his office, promptly wrote back to the Trustee's counsel on the afternoon of June 19, explaining that Salyer is unavailable for deposition on June 22 in San Francisco because Salyer would be in Sacramento that day consulting with his counsel regarding the implication his prospective testimony will have with respect to the pending criminal federal grand jury investigation concerning his purported conduct with Debtor, SK Foods LP, and preparing for the judicially-supervised settlement conference set for June 23. Segal Decl. at ¶ 4. A true and correct copy of counsel's letter is attached to the Exhibit Document filed herewith as Exhibit B.

In the letter, and to assist his counsel in evaluating whether the deposition proposed by the

---
[1] Although Mr. Dye's letter is dated June 17th, it was emailed on June 19th.

MOTION FOR PROTECTIVE ORDER

-2-

Trustee will implicate Salyer's Fifth Amendment privilege *vis-a-vis* the pending criminal investigation, Salyer's counsel also requested that the Trustee provide a brief outline of the prospective questioning at the proposed deposition. *Id.* at ¶ 4. Salyer's counsel stated that Salyer could be available for deposition on June 25 or June 26 at a time convenient to the Trustee and before the evidentiary hearing set to occur on June 29. *Id.*

In an exchange of e-mails later in the day on June 19, the Trustee's counsel rejected this proposed accommodation, claiming without justification that Salyer's deposition testimony "is essential to the mediation [settlement conference]" set for June 23. *Id.* at ¶ 5.

This assertion was and is in disregard of the stated purpose for which the shortened discovery schedule was ordered by the Court – to wit, for use in connection with the June 29 evidentiary hearing.

**B.     The Court Should Grant The Requested Protective Order.**

Under Rule 7026 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 26(c)(1) of the Federal Rules of Civil Procedure, the Court has the power to "specif[y] the terms, including time and place" for discovery.

It is readily apparent that any discovery taken of Salyer in the bankruptcy proceedings, including his deposition, will be provided and available to law enforcement authorities for the use in pending investigations. Segal Decl. at ¶ 6. Moreover, requiring Salyer to provide testimony in this case while a related criminal investigation is pending stands to negate the protections afforded by the Fifth Amendment privilege, and the timing of the proposed deposition of Salyer appears to be designed only to force his assertion of his Fifth Amendment privilege, while at the same time potentially serving no legitimate purpose.

In the absence of the Trustee providing even a brief outline of his prospective questioning to Salyer's counsel in advance of the proposed deposition to assist counsel and Salyer in evaluating whether the deposition sought by the Trustee will implicate Salyer's Fifth Amendment privilege, counsel will be unable to contact the United States Attorney's Office to discuss the matter and to consider its potential impact on the issues in the present litigation. Salyer may therefore have no choice but to invoke his Fifth Amendment privilege against self-incrimination

| | |
|---|---|
| 1 | in response to any and all questions put to him pertaining to any business transactions involving |
| 2 | the Debtor, SK Foods LP.  Segal Decl. at ¶ 6. |

The requested protective order extending the date of Salyer's deposition until June 25 or June 26, and requiring the Trustee to provide his counsel with an outline of Salyer's prospective questioning at the proposed deposition is both reasonable and necessary to assist his counsel in evaluating whether the deposition proposed by the Trustee will implicate Mr. Salyer's Fifth Amendment privilege *vis-a-vis* the pending criminal investigation and permit Mr. Salyer the opportunity to prepare for the settlement conference on June 23, which itself may well obviate the need for the deposition and moot the issue . Segal Decl. at ¶ 7.

Accordingly, because the public interest and balance of equities clearly favor assuring that Salyer's personal Constitutional rights are not subverted by the shortened discovery schedule, the Court should issue the requested protective order. *See e.g., Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (discussing court's broad discretionary power to act "in the interests of justice" when a party's Fifth Amendment rights are implicated).

Dated:  June 21, 2009

                FELDERSTEIN FITZGERALD
                WILLOUGHBY & PASCUZZI LLP


        By:  */s/ Paul J. Pascuzzi*
             Paul J. Pascuzzi
             Attorneys for Scott Salyer