STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

MALCOLM SEGAL, State Bar No. 075481
SEGAL & KIRBY LLP
770 L Street, Suite 1440
Sacramento, CA 95814
Telephone: (916) 441-0828
Facsimile: (916) 446-6003
msegal@segalandkirby.com

Attorneys for Scott Salyer

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership, et al.,<br><br>    Debtors.<br><br>In re:<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>    Debtor. | CASE NO.: 09-29162-D-11<br>Chapter 11<br><br>DCN: FWP-1<br><br>Date:    TBD (App for OST Filed)<br>Time:    TBD<br>Ctrm:    34<br><br>CASE NO.: 09-29161-D-11<br>Chapter 11 |

**DECLARATION OF MALCOLM S. SEGAL IN SUPPORT OF SCOTT SALYER'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR PROTECTIVE ORDER RE DEPOSITION**

I, Malcolm S. Segal, declare and state as follows:

1. I am a partner with the law firm of Segal & Kirby LLP, and serve as counsel to Scott Salyer. In such capacity, and except as otherwise indicated herein, I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently

-1-

testify to the matters set forth in this declaration.

2. As this Court is aware, substantial time pressures are at play in these cases, and the parties are currently operating under a compressed discovery schedule with respect to the evidentiary hearing set to occur on June 29, 2009, concerning the Trustee's "Motion for Order Determining that Wastewater Discharge Agreements with Related Parties Constitute Executory Contracts."

3. On Friday, June 19, 2009, my office received a letter from the Trustee's counsel, requiring Mr. Salyer to appear for deposition on Monday, June 22, 2009, in San Francisco. A true and correct copy of the letter is attached to the Exhibit Document filed herewith as Exhibit A.

4. On behalf of Mr. Salyer, I promptly wrote back to the Trustee's counsel on the afternoon of June 19, explaining that Mr. Salyer is unavailable for deposition on June 22 in San Francisco because he will be in Sacramento that day consulting with counsel regarding the implication his prospective testimony will have with respect to the pending criminal federal grand jury investigation concerning his purported conduct with the Debtor, SK Foods LP, and preparing for the judicially-supervised settlement conference. A true and correct copy of the letter is attached to the Exhibit Document as Exhibit B. In the letter, and to assist legal counsel in evaluating whether the deposition proposed by the Trustee will implicate Mr. Salyer's Fifth Amendment privilege *vis-a-vis* the pending criminal investigation, I also requested that the Trustee provide a brief outline of the prospective questioning at the proposed deposition. I further advised that Mr. Salyer could be available for deposition on June 25 or June 26 at a time convenient to the Trustee and before the evidentiary hearing set to occur on June 29.

5. Following an exchange of e-mails later in the day on June 19, the Trustee rejected this proposed accommodation, claiming without justification that Mr. Salyer's deposition testimony "is essential to the mediation [settlement conference]" set for June 23, and plainly disregarding the stated purpose for which the shortened discovery schedule was ordered by the Court – to wit, for use in connection with the June 29 evidentiary hearing.

6. To this end, Mr. Salyer has filed a Motion for Protective Order re Deposition ("the Motion") pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(c)(1)

of the Federal Rules of Civil Procedure, for a protective order requiring that:

  (1) the deposition set by the Trustee, Bradley D. Sharp (the Trustee), on Friday, June 19, 2009, requiring Mr. Salyer to appear for deposition on Monday, June 22, 2009, in San Francisco should not occur on that date, but should instead occur, if at all, on June 25 or 26, 2009; and

  (2) the Trustee provide an outline of Mr. Salyer's prospective questioning at the proposed deposition on or before June 24, 2009 to assist counsel in evaluating whether the deposition sought by the Trustee will implicate Salyer's Fifth Amendment privilege.

  7. Therefore, Mr. Salyer respectfully requests that the Court set a hearing on the Motion under shortened time so this issue may be resolved prior to the evidentiary hearing currently set for June 29, 2009.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on June 21, 2009, at Sacramento, California.

           */s/ Malcolm S. Segal*
           Malcolm S. Segal