STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

MALCOLM SEGAL, State Bar No. 075481
SEGAL & KIRBY LLP
770 L Street, Suite 1440
Sacramento, CA 95814
Telephone: (916) 441-0828
Facsimile: (916) 446-6003
msegal@segalandkirby.com

Attorneys for Scott Salyer

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership, et al.,<br><br>                Debtors.<br><br>In re:<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>                Debtor. | CASE NO.: 09-29162-D-11<br>Chapter 11<br><br>DCN: FWP-1<br><br>Date:    TBD (App for OST Filed)<br>Time:   TBD<br>Ctrm:   34<br><br>CASE NO.: 09-29161-D-11<br>Chapter 11 |

**DECLARATION OF MALCOLM S. SEGAL IN SUPPORT OF SCOTT SALYER'S MOTION FOR PROTECTIVE ORDER RE DEPOSITION**

I, Malcolm S. Segal, declare and state as follows:

1. I am a partner with the law firm of Segal & Kirby LLP, which is personal counsel to Scott Salyer. I have been retained to represent Mr. Salyer in connection with a criminal grand jury investigation being conducted by the Office of the United States Attorney for the Eastern

District of California and the Antitrust Division of the Department of Justice. In such capacity, and except as otherwise indicated herein, I have personal knowledge of the facts set forth below, and if called as a witness I could and would competently testify to the matters set forth in this declaration.

2. As this Court is aware, substantial time pressures are at play in these cases, and the parties are currently operating under a compressed discovery schedule with respect to the evidentiary hearing set to occur on June 29, 2009, concerning the Trustee's "Motion for Order Determining that Wastewater Discharge Agreements with Related Parties Constitute Executory Contracts."

3. On Friday, June 19, 2009, my office received a letter from the Trustee's counsel requiring Mr. Salyer to appear for deposition on Monday, June 22, 2009, in San Francisco. Although Mr. Dye's letter is dated June 17th, it was emailed on June 19th. A true and correct copy of the letter is attached to the Exhibit Document filed herewith as Exhibit A.

4. On behalf of Mr. Salyer, I promptly wrote back to the Trustee's counsel on the afternoon of June 19, explaining that Mr. Salyer is unavailable for deposition on June 22 in San Francisco because he will be in Sacramento consulting with me regarding the implication his prospective testimony will have on the pending criminal federal grand jury investigation concerning his involvement with the Debtor, SK Foods LP, and preparing for the judicially-supervised settlement conference set for June 23. A true and correct copy of the letter is attached to the Exhibit Document as Exhibit B. In the letter, and to assist me in evaluating whether the deposition proposed by the Trustee will implicate Mr. Salyer's Fifth Amendment privilege *vis-a-vis* the pending criminal investigation, I also requested that the Trustee provide a brief outline of the prospective questioning at the proposed deposition. I alternatively suggested that Mr. Salyer could be available for deposition on June 25 or June 26 at a time convenient to the Trustee and well before the evidentiary hearing set to occur on June 29.

5. Following an exchange of e-mails later in the day on June 19, the Trustee rejected this proposed accommodation, claiming that Salyer's deposition testimony "is essential to the mediation [settlement conference]" set for June 23, disregarding the stated purpose for which the

shortened discovery schedule was ordered by the Court – to wit, for use in connection with the June 29 evidentiary hearing.

6. To this end, Mr. Salyer has filed a Motion for Protective Order re Deposition ("the Motion") pursuant to Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure incorporating Rule 26(c)(1) of the Federal Rules of Civil Procedure, for a protective order requiring that:

(1) the deposition set by the Trustee, Bradley D. Sharp (the Trustee), on Friday, June 19, 2009, purporting to require Mr. Salyer to appear for deposition on Monday, June 22, 2009, in San Francisco should not occur on that date, but should instead occur, if at all, on June 25 or 26, 2009; and

(2) the Trustee provide an outline of Mr. Salyer's prospective questioning at the proposed deposition on or before June 24, 2009, to assist counsel in evaluating whether the deposition sought by the Trustee will implicate Salyer's Fifth Amendment privilege.

7. Having been personally involved in hundreds of investigations, both as a former federal prosecutor and as defense counsel, and based upon my review of the pleadings and other documents in connection with these bankruptcy proceedings, it is readily apparent that any discovery taken of Mr. Salyer in the bankruptcy proceedings, including his deposition, will be available and provided to the federal law enforcement authorities for the purpose of enhancing their investigations. In view of this situation, and in the absence of further information and an outline of the questioning, I may have no choice but to advise Mr. Salyer to invoke his Fifth Amendment privilege against self-incrimination in response to any question put to him in a deposition pertaining to any business transactions in which he has allegedly been involved with the Debtor, SK Foods LP.

8. As such, the requested protective order extending the date of Mr. Salyer's deposition until June 25 or June 26, and requiring the Trustee's counsel to provide counsel with an outline of Mr. Salyer's prospective questioning at the proposed deposition is both reasonable and necessary to assist me in evaluating whether the deposition proposed by the Trustee will implicate Mr. Salyer's Fifth Amendment privilege *vis-a-vis* the pending criminal investigation

DECLARATION OF M. SEGAL IN SUPPORT
OF MOTION FOR PROTECTIVE ORDER
-3-

and permit Mr. Salyer the opportunity to prepare for the settlement conference on June 23, which may obviate the need for the deposition and moot this issue.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on June 21, 2009, at Sacramento, California.

                               */s/ Malcolm S. Segal*
                               Malcolm S. Segal