FILED
November 25, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002247488

**7 PAGES**

Gregory C. Nuti (CSBN 151754)
gnuti@schnader.com
Kevin W. Coleman (CSBN 168538)
kcoleman@schnader.com
Kathryn N. Richter (CSBN 100129)
krichter@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership,<br><br>            Debtor. | Case No. 09-29162-D-11<br><br>Chapter 11<br>DC No. SH-29 |
| In re:<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>            Debtor. | Case No. 09-29161-D-11<br><br>Chapter 11<br>DC No. SH-29<br><br>REPLY IN SUPPORT OF FIRST INTERIM FEE APPLICATION BY SCHNADER HARRISON SEGAL & LEWIS FOR COMPENSATION AND EXPENSE REIMBURSEMENT; RESPONSES TO OBJECTIONS TO FEES<br><br>Date:    December 2, 2009<br>Time:   10:00 a.m.<br>Place:  Courtroom 34<br>          501-I Street, Sacramento, CA<br>Judge:  Hon. Robert S. Bardwil |

PHDATA 3254221_1

## I. INTRODUCTION

Schnader Harrison Segal & Lewis LLP ("SHSL"), attorneys for Bradley D. Sharp, Chapter 11 trustee ("Trustee") in bankruptcy for the estates of SK Foods, LP and RHM/Industrial Specialty Foods. ("Debtors"), hereby replies to the Objection to First Interim Fee Application by SHSL for Compensation and Expense Reimbursement ("Objection") filed by Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farming I, LLC, SSC Farming II, LLC, and SSC Farms III, LLC (collectively, the "Farming Entities") and Scott Salyer ("Salyer").

The Farm Entities assert sweeping global technical objections to the form of numerous time entries without any analysis or explanation justifying the objections. SHSL has reviewed and revised entries that arguably did not conform to the United Trustee's Guidelines.

The Farming Entities also make wholesale objections to fees incurred in opposing efforts to remove the Trustee and SHSL, seeking authority to review the documents in the Trustee's possession, and in seeking disqualification of the Kasowitz firm. They state the conclusion, without any analysis, that "[n]one of the services surrounding these issues, as described in the bills, benefit the estate." Objection filed October 30, 2009, p. 1 [Docket No. 983]. However, these issues are directly related to the Trustee's efforts in identifying and recovering assets of the estate, including assets currently held by the Farming Entities. The Farming Entities' motivation for filing their objections is not to benefit the estate, but their self serving reaction to what they describe as "retaliatory tactics taken by the Trustee and the Schnader firm against counsel for the Farm Entities...". Id. In short, the Farming Entities argue that the SHSL should not be paid compensated for efforts to bring the Farming Entities' assets into the estate.

The objections lacks merit and should be overruled because the SHSL's fees are reasonable, taking into consideration the nature, extent of value of services rendered as contemplated by the Code and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)

## II. ARGUMENT

In pertinent part, section 330(a) of Title 11 of the United States Code ("Bankruptcy Code") provides that; after notice and a hearing, the court may award to a trustee or professional person employed under section 327 reasonable compensation for actual, necessary services rendered by the trustee or attorney and reimbursement of actual, necessary expenses. In determining the reasonableness of fees, some courts will apply twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the majority of which are also codified in section 330(a)(3).[1] *See Burgess v. Klenske (In re Manoa Fin. Co., Inc.)*, 853 F.2d 687, 690 (9th Cir. 1988) (factors applied in fee shifting cases are relevant to determine reasonable fees under section 330); *In re Pac. Express, Inc.*, 56 B.R. 859, 862-63 (Bankr. E.D. Cal. 1985) (Dahl, J.) (applying 12-factor *Johnson* analysis). The *Johnson* court considered the following factors to be relevant:

---

[1] Section 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or take addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

(1) the time and labor required; (2) the novelty and difficulty of the questions presented by the case; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of a case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time pressures imposed by the client or the circumstances; (8) the amount involved and results obtained as a result of the attorneys' services; (9) the experience, reputation and ability of the attorneys; (10) the desirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F. 2d at 717-19.

Through its Fee Application, SHSL seeks interim allowance of $1,420,467.00 in fees ("Fees") and reimbursement of $81,433.81 in expenses ("Expenses") incurred rendering services to the Trustee during the period May 14, 2009 through September 30, 2009 ("Application Period"). Of the Fees incurred, SHSL has received payments totaling $708,130.50.[2] This amount represents 70% of the Fees to which no objection has been made for May through September. The Farming Entities and Salyer objected to Fees incurred from May through September totaling $408,851.50 and renewed their objections upon SHSL's filing of this Fee Application. Therefore, SHSL has not received any payment on the amounts subject to the Farming Entities objections. SHSL seeks herein an order overruling those objections.

The Farming Entities and Salyer have objected to SHSL's and the Trustee's Fees on the following general grounds: (a) insufficient description on redacted time entries; (b) failure to show separate entries for each service; (c) excessive time for a task; (d) duplicative services, and (3) services were not necessary to the administration of, or beneficial towards, the estate. Each of the grounds lacks merit because the Fees are reasonable, taking into consideration the nature, extent of value of services rendered as contemplated by the Code and the *Johnson* factors.

    1.    <u>Insufficient description on redacted time entries:</u> The Farming Entities and

---

[2] At the time SHSL filed its Application it had submitted its invoice for September but had not yet received payment. On October 30, 2009, the Farming Entities objected to SHSL's September invoice in the amount of $44,531.50. Thereafter, SHSL received payment pursuant to the Knudsen Order of $ 190,278.90 on account of fees and $17,926.02 on account of expenses.

Salyer object to the redactions on the basis that they are "overly broad and conceal the true nature of the work performed." Objection at 1:17-18. As mentioned in the Fee Application, this Court's Knudsen Order specifically authorizes SHSL to redact privileged items. *See* Knudsen Order, ¶ 2(a). SHSL redacted entries related to attorney-client privileged material and attorney work-product that addressed various strategic issues which have not been subject to public filings or proceedings. As the redactions were authorized by the Knudsen Order, they have been made for the benefit of the estates to safeguard the Trustee's strategies for maximizing the estates' recovery for the benefit of the creditors. Thus, the redactions are necessary and reasonable for the Trustee to fulfill his duties most effectively. *See* 11 U.S.C. § 330(a)(3)(C). Furthermore, SHSL and the Trustee have fully disclosed their respective activities in providing un-redacted versions of the invoices to the Court, the US Trustee, and the Official Committee of Unsecured Creditors. Accordingly, the Farming Entities and Salyer's objection is meritless because the pertinent parties that need to know the nature and extent of the work performed are privy to that information.

2. <u>Failure to show a separate time entry for each service:</u> The United States Trustee Fee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 ("UST Guidelines") provides that, "Services should be noted in detail and not combined or 'lumped' together, with each service showing a separate time entry; however, tasks performed in a project which total a *de minimis* amount of time can be combined or lumped together if they do not exceed .5 hours on a daily aggregate." SHSL revised its entries where appropriate, although the Farming Entities and Salyer's asserted indiscriminate blanket objections to time entries of less than .5 hours. As long as the services performed are a part of a related task and total a *de minimis* amount, the UST Guidelines allow the amount of time to be combined or lumped if it does not exceed .5 hours. Further, the time entries provide a sufficient narrative to inform the reader of the nature and extent of services rendered.

3. <u>Excessive Time for Tasks Listed:</u> The Farming Entities object to a 1.2 hour entry involving discovery coordination during the period leading up to the impending Waste Water Litigation trial. *See* Docket Numbers 803, page 50, lines 5-10; and page 51, lines 20-23.

Under considerable time pressures, SHSL had to: (1) coordinate the production four witnesses, taking into account their respective circumstances, availability and scheduling and (2) gather and produce 18 boxes of documents during this time frame. The time was not excessive in carrying out these tasks and were reasonable given the time pressures imposed by the circumstances. *See Pac. Express, Inc.* 56 B.R. at 862. Moreover, in compliance with the factors enumerated in section 330(a)(3)(D) of the Bankruptcy Code, the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of this bankruptcy case. The Farming Entities state there are additional instances of this objection but fail to specify the offending entries.

4. <u>Duplicative service:</u> Section 330(a)(4)(A) provides that compensation is not allowed for *unreasonable* duplication of services. The presence of both Steve Dye and Kevin Coleman at the deposition of Shondale Seymour on June 12, 2009 in connection with the Waste Water Discharge Litigation was far from unreasonable. As one of the lead attorneys in the handling of the debtors' estates, Mr. Coleman's presence was required for his background knowledge of the case as a whole. Mr. Dye also appeared because he was to be lead trial counsel and was needed to preserve and manage the deposition from a trial perspective. Furthermore, although Mr. Dye handled most of the questioning that day, Mr. Coleman finished the rest of the deposition once Mr. Dye had to leave early for a prior commitment. Thus, Mr. Dye's presence for part of the deposition was justified and reasonable. Again, the Farming Entities state there are additional instances of duplicative services but fail to point to any particular instance.

5. <u>Services not necessary to the administration of, or beneficial to the estate:</u> In essence, the Farming Entities object to any fees associated with defending the Farm Entities' motions to remove the Trustee and to disqualify SHSL, prosecuting the Trustee's counter-motion to review documents in the Trustee's possession and the Trustee's motion to disqualify the Kasowitz firm. Each of these issues was litigated in the context of the Trustee's efforts to indentify and recover assets of the estate, either through substantive consolidation, avoidance actions, or otherwise. Unfortunately, these matters had to be addressed in order for the Trustee to

REPLY ISO APPLICATION FOR COMPENSATION

PHDATA 3254221_1

effectively administer the estate. Moreover, the fact that the Court ruled in the Trustee's favor on all these issues underscores that the services were necessary to the administration of and beneficial to the estate. The Trustee's ability to identify and recover additional assets depends greatly upon his ability to review the documents. The level of resistance by the Farming Entities on this issue is telling as to the importance of these efforts. In addition, Kasowitz' disqualification from representing adverse parties eliminates any unfair advantage that those parties may have had in defending claims brought by the estate. The fact that these motions are on appeal, as asserted in the Farm Entities and Salyer's Objection, does not diminish the reasonable and necessary services that SHSL performed for the benefit of the estates. Thus, the Farm Entities and Salyer do not have any basis to object to the Fees associated with these motions.

## III. CONCLUSION

WHEREFORE, Schnader Harrison Segal & Lewis LLP requests that the Court enter an order:

(1) approving an interim award of Fees for services to the Trustee for the period May 14, 2009 through September 30, 2009 in the total amount of $1,420,467.00 and reimbursement of Expenses incurred during that period in the amount of $81,433.81;

(2) overruling the Objections of the Farming Entities and Salyer; and

(3) granting any other and further relief as the Court deems proper.

Dated: November 25, 2009                SCHNADER HARRISON SEGAL & LEWIS LLP


By: /s/ Gregory C. Nuti
    Gregory C. Nuti
    Attorneys for Bradley D. Sharp, Chapter 11 Trustee