FILED
April 09, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002548392

**4 PAGES**
Gregory C. Nuti (CSBN 151754)
Kevin W. Coleman (CSBN 168538)
Kathryn N. Richter (CSBN 100129)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785
gnuti@schnader.com
kcoleman@schnader.com
krichter@schnader.com

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership,<br><br>Debtor. | Case No. 09-29162-D-11<br><br>Chapter 11<br><br>DC No. SH-49 |
| In re :<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>Debtor. | Case No. 09-29161-D-11<br><br>Chapter 11<br><br>**MOTION OF TRUSTEE BRADLEY D. SHARP SEEKING COURT APPROVAL TO SELL ASSETS OF THE ESTATE, NAMELY ONE HARLEY DAVIDSON MOTORCYCLE, PURSUANT TO 11 U.S.C. § 363(b)**<br><br>Date: May 12, 2010<br>Time: 10:00 A.M.<br>Place: Courtroom 34<br>      501 I Street, 6th Floor<br>      Sacramento, CA<br>Judge: Hon. Robert S. Bardwil |

MOTION TO APPROVE SALE OF ASSETS OF THE ESTATE PURSUANT TO 11USC §363(B)

PHDATA 3289084_1

Bradley D. Sharp (the "Trustee"), the duly appointed and acting chapter 11 trustee for SK Foods, L.P., a California limited partnership, and RHM Industrial/Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co. (collectively, the "Debtors"), submits this Motion (the "Motion") and memorandum of points and authorities in support thereof, seeking an order providing the Trustee authority to:

1. Enter into the Consignment Agreement (attached as **Exhibit A** to the Declaration of Bradley D. Sharp, filed herewith) with Harley-Davidson of Fresno (the "Consignee"), for the Consignee to have the exclusive right to market and sell the 2008 Harley-Davidson FLHRC Motorcycle, VIN #1HDIFR4378Y640844, currently owned by Debtor SK Foods (the "Motorcycle");

2. Pay a fee of $75/week to Consignee in the event that SK Foods terminates the agreement prior to sale of the motorcycle; and

3. Execute any and all documents that may be necessary to consummate the sale of the Motorcycle.

## I. BACKGROUND

4. On May 7, 2009, Debtors SK Foods and RHM filed a voluntary petition for relief (the "Bankruptcy Case") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et. seq. (the "Bankruptcy Code"). The Trustee was appointed the chapter 11 trustee in the Bankruptcy Case and presently serves in that capacity.

5. Debtor SK Foods currently owns a 2008 Harley-Davidson FLHRC Motorcycle, VIN #1HDIFR4378Y640844 (the "Motorcycle"). True and correct copies of the Registration Card and Certificate of Title to the Motorcycle are attached as **Exhibit B** to the Declaration of Bradley D. Sharp, filed herewith. The Debtor does not require the use of such Motorcycle for purposes of its business going forward, and thus the Trustee seeks to liquidate the asset.

6. The Trustee has obtained a consignment proposal from a local Harley-Davidson dealer, namely Harley-Davidson of Fresno, located at 4345 West Shaw Avenue, Fresno, CA 93722 (the "Consignee").

7. Upon consideration of the retail value of the Motorcycle, the Trustee negotiated a price of $10,000 (less any agreed-upon repairs) from the Consignee upon its sale of the Motorcycle. The Consignee will absorb all expenses to market and sell the Motorcycle, as well as provide storage for it prior to sale. A true and correct copy of the Consignment Agreement is attached to the Notice of Motion and Motion, filed contemporaneously herewith.

## II. JURISDICTION

8. Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. §§ 157 and 1334; 11 U.S.C. §§ 363(b) and (f); Federal Rule of Bankruptcy Procedure 6004; and the reference to this Court by the United States District Court for the Eastern District of California.

## III. DISCUSSION

9. Section 363 of the Bankruptcy Code provides that a Trustee may sell property of a bankruptcy estate. *See* 11 U.S.C. § 363(b). In addition, courts that have addressed the issue of a sale of all assets outside the ordinary course of business generally apply standards for court approval of such a sale. Most courts require a "business justification" for the transaction. *In re Equity Funding Corp. of America*, 492 F.2d 793 (9th Cir.), *cert. denied*, 419 U.S. 964 (1974) (sale of assets approved for "cause shown"); *In Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. B.A.P. 1988) (there must be some articulated business justification for using, selling or leasing the property outside of the ordinary course of business).

10. Sale of property of the estate should be approved if the Court determines that the proposed sale is in the best interest of the estate. *WBQ Partnership v. Virginia*, 189 B.R. 97 (Bankr. E.D. Va. 1995).

11. SK Foods does not require the use of the Motorcycle for any business purpose going forward. It would be more beneficial to the Debtor's estate and creditors for SK Foods to receive payment for the sale of the Motorcycle, as opposed to incurring further expenses to store and maintain it. Selling the Motorcycle for $10,000 (less any agreed-upon repairs) is a fair and reasonable price in light of the fact that SK Foods will avoid any future costs to store, maintain, market, and/or sell the Motorcycle. The Trustee believes that the proposed sale provides the

highest currently available recovery for the estate for this asset. As such, the sale would be in the best interests of the estate.

### IV. CONCLUSION

WHEREFORE, pursuant to Section 363(b) of the Bankruptcy Code, the Trustee respectfully requests that the Court enter an order providing the Trustee authority to:

(a) enter into the Consignment Agreement with Harley-Davidson of Fresno (the "Consignee"), for the Consignee to have the exclusive right to market and sell the 2008 Harley-Davidson FLHRC Motorcycle, VIN #1HDIFR4378Y640844, currently owned by Debtor SK Foods (the "Motorcycle").

(b) pay a fee of $75/week to Consignee in the event that SK Foods terminates the agreement prior to sale of the motorcycle; and

(c) execute any and all documents that may be necessary to consummate the sale of the Motorcycle.

Dated: April 9, 2010　　　　　　　　　　　SCHNADER HARRISON SEGAL & LEWIS LLP

*/s/ Kathryn N. Richter*
Kathryn N. Richter
Attorneys for Bradley D. Sharp, Chapter 11 Trustee