STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
TANIA M. MOYRON, State Bar No. 235736
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com

Attorneys for Scott Salyer, individually and as
Trustee of the Scott Salyer Revocable Trust, and the
Scott Salyer Revocable Trust

RICHARD S. E. JOHNS, State Bar No. 53024
LAW OFFICES OF RICHARD S. E. JOHNS
57 Post St Ste 604
San Francisco, CA 94104
Telephone: (415) 781-8494
Facsimile: (415) 397-0792
rsejohns@yahoo.com

Attorneys for Collins & Associates

*Please see continuation page for a complete list of the moving parties and their respective counsel.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership, et al.,<br><br>            Debtors. | CASE NO.: 09-29162-D-11<br>Chapter 11<br><br>DCN: FWP-2 |
| In re:<br><br>RHM INDUSTRIAL/SPECIALTY FOODS, INC., a California Corporation, d/b/a Colusa County Canning Co.,<br><br>            Debtor. | CASE NO.: 09-29161-D-11<br>Chapter 11<br><br>Date:    June 9, 2010<br>Time:   10:00 a.m.<br>Ctrm:   34 |

**MOTION FOR ENTRY OF AN ORDER TO QUASH RULE 2004 SUBPOENA, PRECLUDE PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 SUBPOENA, OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER RE SUBPOENA FOR RULE 2004 EXAMINATION OF COLLINS AND ASSOCIATES AND PRODUCTION OF DOCUMENTS**

# CONTINUATION SHEET: PARTIES AND THEIR RESPECTIVE COUNSEL

| | |
|---|---|
| STEVEN H. FELDERSTEIN, State Bar No. 056978<br>PAUL J. PASCUZZI, State Bar No. 148810<br>FELDERSTEIN FITZGERALD<br>WILLOUGHBY & PASCUZZI LLP<br>400 Capitol Mall, Suite 1450<br>Sacramento, California 95814<br>Telephone: (916) 329-7400<br>Facsimile: (916) 329-7435<br>sfelderstein@ffwplaw.com<br><br>Counsel for Scott Salyer, individually and as trustee of the Scott Salyer Revocable Trust, and the Scott Salyer Revocable Trust | LARRY J. LICHTENNEGER, State Bar No. 048206<br>LICHTENEGGER LAW OFFICE<br>3850 Rio Road, Suite 58<br>Carmel, California 93923<br>Telephone: (831) 626-2801<br>Facsimile: (831) 620-1566<br>lawyer@mbay.net<br><br>Counsel for SK PM Corp., SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, SKF Aviation, LLC, CSSS, LP d/b/a Central Valley Shippers, the Fred Salyer Irrevocable Trust, and Gerard Rose as Trustee of the Fred Salyer Irrevocable Trust |
| RICHARD S. E. JOHNS, State Bar No. 53024<br>LAW OFFICES OF RICHARD S. E. JOHNS<br>57 Post St Ste 604<br>San Francisco, CA 94104<br>Telephone: (415) 781-8494<br>Facsimile: (415) 397-0792<br>rsejohns@yahoo.com<br><br>Attorneys for Collins & Associates | MALCOLM S. SEGAL, State Bar No. 075481<br>SEGAL & KIRBY<br>770 L Street, Suite1440<br>Sacramento, California 95814<br>Telephone: (916) 441-0828<br>Facsimile: (916) 446-6003<br>msegal@segalandkirby.com<br><br>Counsel for Scott Salyer, individually and as trustee of the Scott Salyer Revocable Trust, and the Scott Salyer Revocable Trust |

# MOTION FOR ENTRY OF AN ORDER TO QUASH RULE 2004 SUBPOENA, PRECLUDE PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 SUBPOENA, OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER RE SUBPOENA FOR RULE 2004 EXAMINATION OF COLLINS AND ASSOCIATES AND PRODUCTION OF DOCUMENTS

Scott Salyer ("Salyer") individually and as Trustee of the Scott Salyer Revocable Trust, the Scott Salyer Revocable Trust, SK PM Corp., SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, SKF Aviation, LLC, CSSS, LP d/b/a Central Valley Shippers, the Fred Salyer Irrevocable Trust, and Gerard Rose as Trustee of the Fred Salyer Irrevocable Trust, and Collins and Associates (collectively, "Objecting Parties") hereby move this Court, pursuant to Federal Rule of Bankruptcy Procedure 9016, incorporating Federal Rule of Civil Procedure 45, Federal Rule of Bankruptcy Procedure 7026, incorporating Federal Rule of Civil Procedure 26(c)(1), and Federal Rule of Bankruptcy Procedure 9014, for the following relief:

(1) the entry of an order quashing the Subpoena For Rule 2004 Examination (the "Rule 2004 Subpoena") for the production of documents (the "Document Request") because the Subpoena was not properly served or issued from the court for the district where the document production is to be made as required by Federal Rule of Civil Procedure 45(a)(2)(C);

(2) the entry of an order precluding production of documents pursuant to the Rule 2004 Subpoena and requiring that any further document requests be made in the pending adversary proceedings pursuant to the formal rules of discovery as set forth below; or, in the alternative,

(3) the entry of a protective order granting the Objecting Parties more time to produce documents and limiting the scope of the Document Request as set forth below.

# I.
# STATEMENT OF FACTS

A. **GENERAL BACKGROUND**

1. On May 5, 2009, involuntary petitions were filed under Chapter 11 of the Bankruptcy Code on behalf of SK Foods, L.P., a California limited partnership ("SK Foods") and

RHM Industrial/Specialty Foods, Inc., a California Corporation, d/b/a Colusa County Canning Co. ("RHM," and together with SK Foods, hereinafter "Debtors"). On May 7, 2009, voluntary petitions for relief were filed. On May 17, 2009, the Court appointed Bradley D. Sharp as the Chapter 11 Trustee (the "Trustee").

2. Since the filings of the bankruptcy cases, the Trustee has commenced at least six adversary proceedings (the "Adversary Proceedings"), all of which generally seek common relief against or otherwise involve Salyer and companies owned by or related to Salyer. *See Sharp v. Scott Salyer et al.*, AP No. 10-02014; *Sharp v. CSSS, L.P.*, AP No. 09-02543; *Sharp v. SSC Farms I, LLC, SSC Farms II, LLC, and SSC Farming, LLC*, AP No. 09-02692; *Sharp v. Scott Salyer and SKPM Corp.*, AP No. 10-02015; *Sharp v. SKF Aviation and CSSS*, AP No. 10-02016; and *Sharp v. Fred Salyer Irrevocable Trust*, AP No. 10-02017.[1]

3. On or about January 5, 2010, the United States of America filed a criminal complaint against Salyer and others which as to Salyer has since been superseded by an indictment (the "Criminal Matters").

4. On April 13, 2010, the Trustee filed an Ex Parte Application for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of C.S. Collins and Associates, Inc. d/b/a Collins and Associates and Production of Documents (the "Ex Parte Application for Rule 2004 Order"). In support of the Ex Parte Application for Rule 2004 Order, the Trustee filed his declaration and various other papers.

5. On April 15, 2010, the Court entered an "Order Authorizing Bankruptcy Rule 2004 Examination Collins and Associates and Production of Documents" (the "Rule 2004 Order").

6. On or about April 20, 2010, the Rule 2004 Subpoena for the production of documents was delivered to an employee (the "Employee") at Collins and Associates LLP ("Collins"). Attached as Exhibit "A" to the Exhibit Document is a true and correct copy of the Rule 2004 Subpoena; *see also* Declaration of Cary Collins ("Collins Declaration") ¶ 6.

---

[1] The Objecting Parties hereby request the Court to take judicial notice of the pleadings in the Adversary Proceedings.

-2-

OBJECTING PARTIES' MOTION RE SUBPOENA FOR RULE 2004 EXAMINATION

Specifically, on April 20th, a courier knocked on the door at the Collins office. *See* Collins Declaration ¶ 6. An Employee, who is a clerk and helps process tax returns, opened the door and the courier handed the Employee the Rule 2004 Subpoena. *See* Collins Declaration ¶ 6.

7. The Rule 2004 Subpoena was directed to "Cary Collins, Collins & Associates." *See* Exhibit "A," Rule 2004 Subpoena. At the time of delivery of the Rule 2004 Subpoena, Cary Collins was not in the office but in New York. *See* Collins Declaration ¶ 5.

8. The Document Request attached to the Rule 2004 Subpoena required production of documents by May 4, 2010. The Document Request requested six categories of documents as more specifically set forth therein. *See*, Exhibit "A," Document Request pp. 2-3.

9. Collins and Associates has served as an accountant and consultant to Scott Salyer and certain companies owned by or related to Mr. Salyer since May 1, 2009. Most recently, on or about November 17, 2009, Mr. Salyer retained Collins and Associates as his accounting advisor.

10. On or about June 8, 2009, Gary G. Perry Law Office retained Collins for certain consulting services and as an expert for the benefit of Salyer and related entities.

11. Collins has provided consulting services and advice to the Objecting Parties in the Criminal Matters and the Adversary Proceedings.

**B. THE TRUSTEE HAS NOT REASONABLY COOPERATED IN PROVIDING RESPONDENTS WITH SUFFICIENT TIME TO RESPOND TO THE BROAD DOCUMENT REQUEST.**

12. After receiving the Rule 2004 Subpoena and investigating the potential documents covered by the Document Request, Salyer's counsel contacted Trustee's counsel on April 28, 2010. *See* Supporting Declaration of Tania M. Moyron at ¶ 2 ("Moyron Decl."). After explaining that there were a large number of documents that potentially could be responsive to the broad Document Request and that many of the documents were most likely protected by certain privileges, Salyer's counsel requested that the production date be extended. *See* Moyron Decl. ¶ 2. Trustee's counsel agreed to a ten-day extension from May 4, 2010 to May 14, 2010. *See* Moyron Decl. ¶ 2.

13. After further coordination among the Objecting Parties about the Document Request, it became evident that there were more than 16 bankers' boxes of documents that would

1 need to be carefully reviewed. Because the Objecting Parties are jointly involved in defending several lawsuits and Mr. Collins is an expert and a consultant in the Criminal Matters and the Adversary Proceedings, any document production will necessarily require the efforts of the multiple parties involved. With appreciation for the time involved in such a document production (on top of the time also being devoted to the pending litigation in the Criminal Matters, the Adversary Proceedings and the bankruptcy cases), counsel requested a reasonable extension of time from May 14, 2010 to May 28, 2010 to produce documents. *See* Moyron Decl. ¶ 3. Although the proposed production date was aggressive given the circumstances, the Objecting Parties wanted to cooperate with the Trustee to avoid litigation expenses and to attempt to produce the majority of documents within three weeks of the original production date. On the morning of May 10, 2010, Salyer's counsel also informed Trustee's counsel that Mr. Collins would be out of the office the week of May 17th. *See* Moyron Decl. ¶ 3.

14. On May 10, 2010, Trustee's counsel sent a letter to Salyer's counsel via e-mail denying the request for an extension of time for the production of documents. *See* Moyron Decl. ¶ 4. While Salyer's counsel disagreed with the unnecessary characterizations in Trustee's counsel's letter, the Objecting Parties will not burden the Court and waste judicial resources on this issue.

15. On May 12, 2010, Salyer's counsel sent an e-mail to the Trustee's counsel setting forth the concerns related to the 2004 Exam Subpoena, the Document Request, and the production date of May 14, 2010. *See* Moyron Decl. ¶ 5. Salyer's counsel corresponded with the Trustee's counsel in an effort to try to resolve the issues between the parties without burdening the Court. While Salyer's counsel received correspondence from the Trustee on May 13, 2010, and the parties continue to exchange correspondence, no resolution has yet been reached. *See* Moyron Decl. ¶ 6.

16. The current date for the production of documents and timely service of any objections to the Rule 2004 Subpoena is May 14, 2010. Notwithstanding the Trustee's failure to grant an extension, the Objecting Parties' responses and objections (the "Objections") to the Rule 2004 Subpoena will be served on the Trustee on May 14, 2010.

# II.
# DISCUSSION

## A. THE COURT SHOULD QUASH THE RULE 2004 SUBPOENA BECAUSE IT IS PROCEDURALLY DEFECTIVE.

*1. The Rule 2004 Subpoena is defective on its face because it was not properly served.*

Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules") governs subpoenas duces tecum for the production of documents with or without the taking of a deposition. Rule 45 allocates authority over subpoenas to the court for the district from which they are issued. Fed. R. Civ. P. 45(c)(3)(A).

Under Federal Rules 4(h) and 45(b), a subpoena directed to a corporation or unincorporated association may be served by delivering a copy to an officer, managing agent, general agent, or any other agent authorized by appointment or by law, and mailing a copy to the defendant. Fed R. Civ. P. 4(h)(1)(B); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC* ("*NGV Gaming*"), 2009 U.S. Dist. LEXIS 71307 *6 (N.D. Cal., Aug. 13, 2009). Alternatively, Federal Rule 4(h)(1)(A), through Federal Rule 4(e)(1), authorizes service on individuals in any manner approved under state law, including those individuals who may be served on behalf of corporations and unincorporated associations. *Id.*

Under California Code of Civil Procedure § 416.10, service on a corporation may be made by delivering a copy to "the designated agent for service of process," or to "the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10; *NGV Gaming* 2009 U.S. Dist. LEXIS 71307 at 6. Similarly, an unincorporated association may be served by service on "the president or other head of the association, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process [.]" *Id.* Moreover, in the Ninth Circuit, "service on an individual who holds a position that indicates authority within the organization generally is sufficient." *Direct Mail Specialists v.*

OBJECTING PARTIES' MOTION RE SUBPOENA FOR RULE 2004 EXAMINATION

*Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

The Objecting Parties move to quash the Rule 2004 Subpoena because service of the Rule 2004 Subpoena on Collins is defective. The Rule 2004 Subpoena was delivered to an Employee who does not hold a position that indicates authority or is authorized under governing law to accept service on behalf of Collins and Associates.

2. *The Rule 2004 Subpoena is defective on its face because it violates Rule 45(a)(2)(C) since it was not issued from the court for the district where the productions are to be made.*

Federal Rule 45(a)(2)(C) provides, in relevant part, that a "subpoena must issue for Production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C); 11 William W Schwarzer, et al., *California Practice Guide, Federal Civil Procedure Before Trial* § 11:2262 (2010)(A subpoena must issue from the court for the district in which the records are to be produced or the inspection is to be made. Designating the wrong court renders the subpoena void.); *Kremen v. Cohen*, 2007 U.S. Dist. LEXIS 97909 (D.C. Nor. Cal)("All three subpoenas violate Rule 45(a)(2)(C) because they were not issued from the court for the district where the productions were to be made."). Here, the Rule 2004 Subpoena issued to Collins identifies the issuing court as the United States Bankruptcy Court, Eastern District of California, but requires production in a court in the Northern District of California. The Rule 2004 Subpoena is defective on its face because it should have been issued from the Northern District of California where production is to be made.

Based on the foregoing, the Objecting Parties request an order quashing the Rule 2004 Subpoena without prejudice to the Objecting Parties seeking protective orders in the event the Trustee issues valid subpoenas which the Objecting Parties in good faith believe exceed the proper scope of discovery.

**B.  THE COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS OVERBROAD, BURDENSOME, UNREASONABLE AND OPPRESSIVE.**

A court may quash a subpoena duces tecum, the results of which it finds "unreasonable

-6-

OBJECTING PARTIES' MOTION RE SUBPOENA FOR RULE 2004 EXAMINATION

and oppressive." *Premium Service Corporation v. The Sperry & Hutchinson Company*, 511 F.2d 225, 229 (9th Cir. 1975) (other citations omitted). The Document Request, among other things, requests "ALL documents" in a four year period between Collins and Associates, Salyer and "Salyer Related Parties." *See* Document Request Nos. 3, 5, and 6. The definition of "Salyer Related Parties" is defined to include over 40 different parties. Such Document Requests pose undue burden and expense as they are sweeping in nature, covering any paper exchanged among the Objecting Parties over a four-year period. Moreover, the majority of the documents requested are not relevant to the Debtor's financial affairs and beyond the scope of Federal Rule of Bankruptcy Procedure 2004(b) as set forth below in Section C.

Additionally, the Document Requests seek documents related to federal and state tax returns and tax refunds. *See* Document Request Nos. 1 – 4. The Trustee did not comply with the special notice and subpoena requirements under California Code of Civil Procedure § 1985.3 that apply to obtain personal records of consumers held by third parties. May of the documents are also protected on privacy grounds and should not be unnecessarily disclosed (especially when most of the documents are not relevant). *Premium Service Corporation v. The Sperry & Hutchinson Company*, 511 F.2d at 229.

Based on the foregoing, the Objecting Parties respectfully request that the Court quash the Rule 2004 Subpoena.

**C.     THE PENDING ADVERSARY PROCEEDINGS AGAINST THE OBJECTING PARTIES PRECLUDE THE TRUSTEE FROM EXAMINING THE PARTIES UNDER BANKRUPTCY RULE 2004.**

Bankruptcy Rule 2004 is a basic discovery device in bankruptcy cases. Fed. R. Bank. P. 2004; 9 *Collier on Bankruptcy* ¶ 2004.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)("*Collier*"). However, once an adversary proceeding or a particular contested matter is pending, the discovery devices provided for in Bankruptcy Rules 7026-7037, which adopt various discovery provisions of the Federal Rules of Civil Procedure, apply and Bankruptcy Rule 2004 should not be used. *Id.; In re Dinubilo*, 177 B.R. 932, 940-43 (E.D. Cal. 1993)(if a contested matter or adversary proceeding is pending, Rule 2004 should not be used); *In re Blinder, Robinson & Co.*, 127 Bankr. 267, 274-75 (Bankr. D. Colo. 1991); *see also In re Bennett Funding*

OBJECTING PARTIES' MOTION RE SUBPOENA FOR RULE 2004 EXAMINATION

*Group, Inc.*, 203 B.R. 24, 27 (Bankr. N.D.N.Y. 1996); *In re Valley Forge Plaza Associates*, 109 B.R. 669 (Bankr. E.D. Pa. 1990); *In re Kipp*, 86 B.R. 490 (Bankr. W.D. Tex. 1988); *In re French*, 145 B.R. 991 (Bankr. D.S.D. 1992).

Here, the six Adversary Proceedings were commenced *before* the filing of the Ex Parte Application for Rule 2004 Order. By way of the Ex Parte Application for Rule 2004 Order, the Trustee seeks documents that are the subject of issues that will be litigated in the Adversary Proceedings. By way of example, the Document Request seeks the production of "ALL Documents Relating to correspondence" between Salyer and the "Salyer Related Entities" within the last four (4) years (irrespective of whether the documents are related to the Debtors). *See* Document Request Nos. 4 & 5. The term "Salyer Related Entities" is defined in the Document Request to include, among other parties, all the defendants in the Adversary Proceedings. *See* Exhibit "A," Definitions in Document Request. In other words, the Document Request seeks all correspondence among co-defendants in six Adversary Proceedings. Such a run around the formal discovery process in the Adversary Proceedings is a completely improper use of Rule 2004, and the procedural safeguards available under the Federal Rules of Civil Procedure should not be abandoned when there are pending Adversary Proceedings. *In re Dinubilo*, *supra*, (holding that the Bankruptcy Court's order for the 2004 examination did not provide any reason for abandoning the procedural safeguards applicable to a deposition in a contested matter).

The Objecting Parties will be irreparably injured if the Trustee is given unfettered authority to use Rule 2004 examination to discover information relevant to the pending Adversary Proceedings. *See In Re Blinder, Robinson & Co.*, 127 B.R. at 274 (The Court held: "There is a strong argument that Intercontinental will be irreparably injured if the Trustee is given unfettered authority to use Rule 2004 examination to discover information relevant to the pending adversary proceeding. The Trustee argues that Intercontinental's remedy is to seek suppression of the fruits of any improper discovery in the collateral litigation. However, by that time the damage will already have been done. As noted above, the Trustee must make a tactical decision on how to proceed with discovery. Having elected to file an adversary proceeding against Intercontinental before examining it under Rule 2004, it is now limited to discovery under the Federal Rules.").

OBJECTING PARTIES' MOTION RE SUBPOENA FOR RULE 2004 EXAMINATION

In sum, the Trustee's attempt to engage in extensive and broad discovery by utilizing Rule 2004 instead of conducting discovery in the Adversary Proceedings is improper and a waste of judicial resources. As a result, the Objecting Parties request no discovery be permitted pursuant to the Rule 2004 Order and that the Trustee be limited to discovery under the Federal Rules in the pending Adversary Proceeding.

**D. IN THE EVENT THAT THE COURT DOES NOT QUASH THE RULE 2004 SUBPOENA OR PRECLUDE FURTHER DISCOVERY PURSUANT TO BANKRUPTCY RULE 2004, THE COURT SHOULD ENTER A PROTECTIVE ORDER LIMITING THE SCOPE OF THE SUBPOENA.**

Bankruptcy Rule 7026(c), incorporating Federal Rule 26, governs the granting of a protective order. A court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses. Fed. R. Civ. P. 26(c). The Objecting Parties submit that they have attempted to meet and confer with the Trustee in an effort to resolve the dispute without Court action as set forth above in Section I (B) and in the Moyron Declaration. As those attempts proved futile, the Objecting Parties request that the Court modify the Rule 2004 Subpoena or issue a protective order as set forth below.

First, the Objecting Parties request that this Court issue a protective order to, among other things, provide the Objecting Parties more time to respond to the Document Request in the Subpoena. Compliance by May 14, 2010 is unreasonable and poses an undue burden on the Objecting Parties as set forth above. Based on the foregoing, the Objecting Parties request that the production date be moved to thirty days after the hearing on this Motion.

Second, the Objecting Parties request that the Court limit the scope of the Rule 2004 Order consistent with Bankruptcy Rule 2004(b). Many of the Document Requests are outside the scope of Bankruptcy Rule 2004(b) because they seek documents, among other things, not related to the liabilities and financial condition of the Debtors' estates or any matter which may affect the administration of the Debtors' estates. Indeed, many of the Document Requests are related to correspondence between Salyer and nondebtor entities that do not affect the Debtors. *See* Document Request Nos. 5 and 6. Moreover, the Document Request exceeds the scope of the Ex Parte Application for Rule 2004 Order. For example, in the Ex Parte Application for Rule 2004

Order the Trustee states that "good cause exists to order the examination of Collins because it may possess knowledge related to the financial affairs of the Debtor, including potential tax refunds, which would affect the interest of creditors and have serious implications on the administration of the Debtors' estates." *See* Ex Parte Application for Rule 2004 ¶ 16. However, Document Request Nos. 2, 5 and 6 are so broad that they request documents that do not even relate to the financial affairs of the Debtors or potential tax returns. *See* Exhibit "A," Document Request.

Third, the Objecting Parties request that the Court limit the scope of the Rule 2004 Order to preclude production of privileged documents. The production of documents pursuant to the Rule 2004 Order is subject to the doctrine of privileged communications. *Collier*, ¶ 2004.02[4]. The Objecting Parties submit that many documents requested by the Objecting Parties are protected by, but not limited to, the following privileges: (1) attorney-client privilege; (2) work product doctrine; (3) Fifth Amendment privilege against self-incrimination; (4) joint defense privilege; (5) financial privacy and confidentiality privileges; and (6) taxpayer privileges. True and correct copies of the objections to the Document Request served on Trustee's Counsel are attached to the Exhibit Document as Exhibit "B." The Objecting Parties preserve any and all rights to assert additional privileges and objections to the Document Request. Additionally, the Objecting Parties request that the Court set a hearing, if necessary, to rule on the applicable privileges.

## III.
## CONCLUSION

Based on the foregoing, the Objecting Parties respectfully request (1) the entry of an order quashing the Rule 2004 Subpoena; (2) the entry of an order precluding production of documents pursuant to the Rule 2004 Order; or, in the alternative, (3) the entry of a protective order

///
///
///
///

extending the production date until 30 days after the hearing on this Motion and limiting the scope of the Document Request as set forth in the Motion; (4) entry of an order awarding attorneys' fees incurred in connection with the Rule 2004 Subpoena, the Objections, and the Motion according to proof; and (5) granting such other and further relief as may be just and proper under the circumstances.

DATED: May 14, 2010

Respectfully submitted,

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP

/s/ Paul J. Pascuzzi
PAUL J. PASCUZZI
Counsel for Scott Salyer, individually and as Trustee of the Scott Salyer Revocable Trust, and the Scott Salyer Revocable Trust

SEGAL & KIRBY LLP

/s/ Malcolm S. Segal
MALCOLM S. SEGAL
Counsel for Scott Salyer, individually and as Trustee of the Scott Salyer Revocable Trust, and the Scott Salyer Revocable Trust

LICHTENEGGER LAW OFFICE

/s/ Larry Lichtenegger
LARRY LICHTENEGGER
SK PM Corp., SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, SKF Aviation, LLC, CSSS, LP d/b/a Central Valley Shippers, the Fred Salyer Irrevocable Trust, and Gerard Rose as Trustee of the Fred Salyer Irrevocable Trust

LAW OFFICES OF RICHARD S. E. JOHNS

/s/ Richard S. E. Johns
RICHARD S. E. JOHNS
Attorneys for Collins & Associates