FILED
August 31, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002894611

10

MARC A. LEVINSON (State Bar No. 57613)
STACY E. DON (State Bar No. 226737)
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900
malevinson@orrick.com
sdon@orrick.com

JAMES E. SPIOTTO (Pro hac vice)
ANN ACKER (Pro hac vice)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, IL 60603
Telephone: (312) 845-3000
Facsimile: (312) 516-1900
spiotto@chapman.com
acker@chapman.com

Attorneys for Bank of Montreal, as Administrative Agent

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P. a California Limited Partnership,<br><br>Debtor. | Case No. 09-29162-D-11<br><br>Chapter 11<br><br>DCN: FWP-3<br><br>**BANK OF MONTREAL'S RESPONSE TO THE COUNTER MOTION TO APPROVE PROTECTIVE ORDER, ETC. AND ITS STATEMENT OF RESERVATION OF RIGHTS**<br><br>Date: September 1, 2010<br>Time: 10:00 a.m.<br>Ctrm: 34 |

## INTRODUCTION

Bradley Sharp, as Trustee ("Trustee") filed his Motion to Compel Cary Collins & Associates, etc. in SH-72 ("Motion"). Bank of Montreal, as Administrative Agent ("Agent"), supports the Motion, and is willing to sign the form of confidentiality agreement recommended by the Trustee in his reply in support of the Motion. The "Objecting Parties" filed a Counter

Motion to Approve Protective Order, etc. ("Counter Motion") in FWP-3. The Counter Motion was filed under Local Bankruptcy Rule 9014-1(f)(2), and thus no written response is required. However, the Agent files this Reply in order to advise the Court and parties interest of the positions it will be taking at tomorrow's hearing. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Counter Motion.

## SUMMARY

The Agent does not object to the Objecting Parties' request that the documents produced be deemed pursuant to "court order" for purposes of the Internal Revenue Code. However, their attempts to use this requirement to prevent disclosure to the Agent must be rejected. The proffered basis for withholding the documents from the Agent is that disclosure to the Agent would be "prejudicial" to the Objecting Parties, purportedly because it would reveal information that would bolster the Agent's claims in case number 09-cv-3479 pending in the Northern District of Illinois on a guaranty given by non-debtor SK Foods LLC, one of the Salyer entities, in which summary judgment has already been entered ("Illinois Case"). However, this alleged prejudice does not provide a basis for withholding production from the Agent. Even under the more restrictive Rule 26 standard, in order to obtain disclosure of tax return information, the Agent must only show that the returns are relevant to the subject matter of the action and that the information contained therein is not otherwise readily obtainable. That the Objecting Parties suggest that the information will bolster the claims of the Agent shows that the documents are relevant to the Agent's claims.

Further, because the Objecting Parties have heretofore withheld the information on purported claims of privilege, there is no other reasonable means for the Agent to obtain this information. The fact that the request is evaluated under the much broader Rule 2004 standard only reinforces this argument. When viewed against the backdrop of the presumption that the bankruptcy process be conducted in the open with full disclosure to all parties in interest, the Objecting Parties have failed to carry the heavy burden required to prevent disclosure to the Agent. The Agent is the largest claimant in this chapter 11 case, and has a lien on substantially all of the Debtors' assets. The Agent also maintains a joint defense agreement with the Trustee.

Therefore, given that the Objecting Parties advance no credible argument in support of the Counter Motion, any protective order entered in this matter should provide for full disclosure of produced documents to the Agent.

Additionally, out of an abundance of caution, the Agent submits a reservation of rights regarding the judgment it has obtained against non-debtor SK Foods, LLC in the Northern District of Illinois proceeding. As noted above, the Agent has obtained a judgment against SK Foods, LLC in the Illinois Case, and if any relief sought in the Counter Motion is granted, the order should clarify that: (1) the order relates only to the production of documents in the chapter 11 case relating to the Rule 2004 examination of Gary Collins or Collins & Associates, and not any other request; (2) nothing contained in the order shall be deemed to waive, limit or alter any right of the Agent to seek discovery from Collins & Associates or Cary Collins individually in the Illinois case, or waive, limit or alter any other rights, claims or causes of action of the Agent or the Secured Lenders; and (3) all such rights, claims and causes of action of the Agent and the Secured Lenders are reserved.

### ARGUMENT

Bankruptcy Rule 2004(a) provides, in relevant part, that "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). The scope of a Rule 2004 examination is "unfettered and broad." *In re Washington Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D.Del. 2009). Examinations under Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the liabilities of the debtor; and any matter that may affect the administration of a debtor's estate.

Courts have consistently recognized that the extraordinarily broad scope of discovery under FED. R. BANKR. P. 2004 is considerably broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *See, e.g., In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("The scope of a R. 2004 examination is even broader than that of discovery permitted under the Federal Rules of Civil Procedure, which themselves contemplate broad, easy access to discovery.") (citations omitted). The examination may be conducted by any party in interest, including a creditor. *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

## I. THE OBJECTING PARTIES HAVE NOT SHOWN "GOOD CAUSE" FOR WITHHOLDING PRODUCTION

All motions under Rule 26(c) must be supported by good cause and a strong showing is required before a party will be denied access to discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (reversing a protective order that precluded the taking of a deposition and noting the "heavy burden" of showing why discovery should be denied). To show good cause, the movant must show that disclosure will work a clearly defined and serious injury to the party seeking to limit disclosure; broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, can not support a good cause showing. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (emphasis added); *Beckman In1dustries, Inc. v. International Insurance Co.*, 966 F.2d 470, 476 (9th Cir.), *cert. denied*, 506 U.S. 868 (1992).

Here, the Motion fails to describe how or why the disclosure of the documents in question to the Agent is prejudicial to the Objecting Parties. The Motion appears to imply that permitting the Agent to view the documents would give the Agent some type of tactical advantage in the Illinois case. However, this argument is misplaced: to the extent that the documents are produced to the Trustee, the privilege is lost and they can not be withheld from the Agent on that basis, and the fact that the Objecting Parties claim that disclosure would be "prejudicial" to them indicates that the documents in question are relevant, and suggests that they may support the claims of the Agent. Since the documents are relevant to the Agent's claims and are not privileged, they should not be withheld from the Agent.

A party asserting good cause for entry of a protective order bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (emphasis added); *Pansy*, 23 F.3d at 786-87 (The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order.) Further, Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation. *Beckman Industries, Inc.*, 966 F.2d at 475.

In this case, the Secured Lenders made loans and other financial accommodations to or for the benefit of the Debtors in an amount in excess of $195,486,982 (inclusive of accrued but unpaid interest) as of the Petition Date. The Agent holds senior liens on virtually all of the Debtors' assets. Pursuant to the Cash Collateral Order, as Adequate Protection for and to the extent of any diminution in value of the Secured Lenders interest in the Prepetition Collateral, the Agent and Secured Lenders were granted, effective as of the Petition Date, Replacement Liens on all Postpetition Collateral. As such, the Agent has a compelling interest in access to the documents so that it can protect its rights in its Collateral.

## II. THE OBJECTING PARTIES' INTERNAL REVENUE CODE CITATIONS DO NOT PROVIDE A BASIS FOR WITHHOLDING PRODUCTION

The Objecting Parties attempt to justify their noncompliance with the Order Authorizing Bankruptcy Rule 2004 Examination of Collins & Associates and Production of Documents ("Examination Order") by citing two provisions of the Internal Revenue Code which prohibit disclosure of information used to prepare a tax return without a "court order." *See,* I.R.C. §7216 and 6713. But the Examination Order is such an order -- nothing further is required to ensure compliance with these provisions. The Objecting Parties do not cite any authority for the proposition that the cited provisions of the Internal Revenue Code provide a basis to resist a 2004 examination or otherwise prohibit disclosure in this instance.[1]

Additionally, even under the somewhat more limited scope of discovery applicable under Federal Rule of Civil Procedure 26 (as opposed to Bankruptcy Rule 2004), a court may order the disclosure of tax returns pursuant to this statute. *Mitsui & Co. v. Puerto Rico Water Resources Authority,* 79 F.R.D. 72, 80 (D.P.R. 1978) (noting that "Section 7216 is primarily oriented to discourage the misuse of confidential information received by nonprofessionals preparing tax returns" and that "[t]he statute does not limit the Court's power to require disclosure of tax related information under appropriate circumstances.")

---

[1] In fact, in analyzing similar provisions of the Internal Revenue Code, the Supreme Court has stated that these provisions are intended only to protect the information when it is outside of the taxpayer's control. *St. Regis Paper Co. v. U.S.*, 368 U.S. 208, 218 (1961)("...although tax returns...are made confidential within the government bureau, copies in the hands of the taxpayer are held subject to discovery.")(citing 26 U.S.C. §§6103 and 7213(a)).

Courts have applied a two-pronged test in assessing disclosure of tax returns: First, the court assesses whether the returns are relevant to the subject matter of the action; and second, whether the information contained therein is not otherwise readily obtainable. *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547-48 (S.D.N.Y. 1985) (citations omitted) (also noting that "[o]nce the court determines that the information is relevant to the issues to be tried and cannot be obtained readily elsewhere, disclosure is warranted.")

Here, the Objecting Parties do not assert that the information sought is irrelevant or can be obtained elsewhere. On the contrary, they have agreed to produce the documents in question to the Trustee, but attempt to single out the Agent because of an unspecified prejudice they might suffer in the Illinois case. However, as noted above, this only suggests that the information is probative of the Agent's claims in that case. Additionally, the Objecting Parties have cited no authority for the proposition that 26 U.S.C. § 7216 permits such discriminatory treatment. The Agent is the most significant party-in-interest in this case, has a lien on substantially all of the Debtors' property, and by virtue of its liens, is entitled to a significant percentage of the recovery on any claims against the Objecting Parties. As the party who will receive the bulk of the recovery from the litigation surrounding the misconduct which lead in part to the Borrowers' collapse, the information is clearly relevant and disclosure to the Agent is warranted. The second prong of the test, that the information cannot be obtained elsewhere, is satisfied by the purported claims of privilege. The fact that the Objecting Parties have asserted claims of privilege, are only producing the documents pursuant to a protective order, and have failed to identify any other means of obtaining the information contained the tax returns, satisfies the second prong of the *Cymaticolor* test. Therefore, disclosure is required.

### III. THE PENDENCY OF THE ILLINOIS CASE HAS NO BEARING ON THE RIGHT TO CONDUCT A RULE 2004 EXAMINATION

The pendency of another action, in and of itself, does not preclude an examination under Bankruptcy Rule 2004. *See, e.g., In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002) (granting Rule 2004 examination notwithstanding existence of other pending litigation between the parties.) Further, while the document requests in this case complies with the more

BANK OF MONTREAL'S RESPONSE TO THE COUNTER MOTION TO APPROVE PROTECTIVE ORDER

restrictive standard under Rule 26(c), for the reasons set forth above, forbidding pursuit of a Rule 2004 examination because the scope is larger than that allowed in another case would substantially contravene the policy behind Rule 2004. *In re M4 Enters.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995). Since the Trustee's Rule 2004 examination relates not to the "other judicial proceedings," but to the discovery of information regarding alleged estate assets, the pendency of other actions has no bearing upon whether the Trustee may proceed with the Rule 2004 examination. *See Int'l Fibercom, Inc.*, 283 B.R. at 293. If the Court accepted the Objecting Parties' arguments, the scope of discovery in 2004 examinations would become limited by Rule 26 where there were other actions pending between parties-in-interest. However, the scope of Rule 2004 is specifically intended to be broader than that of Rule 26. Courts have consistently recognized that the scope of discovery under FED. R. BANKR. P. 2004 is considerably broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *See, e.g., In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D.Pa. 1990) ("The scope of a R. 2004 examination is even broader than that of discovery permitted under the FED. R. CIV. P., which themselves contemplate broad, easy access to discovery.") (citations omitted). As such, the Objecting Parties' arguments are without merit.

Here, the Objecting Parties' only proffered basis for denying access to the Agent is that the Agent "is prosecuting litigation against Mr. Salyer[2] and SK Foods, LLC" in the Illinois Case. Counter Motion at ¶5. However, "the law is clear that pending litigation . . . against the person sought to be examined and the possible use of 205 [now 2004] testimony in that collateral litigation is not sufficient reason for denying examination." *In re Mittco, Inc.*, 44 B.R. 35, 37 (Bankr. E.D. Wis. 1984) (citations omitted) (holding that creditor's proposed examination of debtor's accountant was proper despite fact that it might also produce information which results in separate litigation outside of bankruptcy case, and finding no reason to restrict use of information or to shield parties, including accountant, from such possible litigation); *In re Buick*, 174 B.R. 299 (Bankr. D. Colo. 1994) (creditor not precluded from conducting Rule 2004 examination

---

[2] The Motion incorrectly states that Scott Salyer is a defendant in the Illinois Case; the only defendant there is SK Foods, LLC.

regarding issues in addition to or beyond scope of pending adversary). As such, even if the Agent was the proponent of the 2004 examination (which it is not), the prospect that the materials would be used in collateral litigation is not a basis for refusing production.

Additionally, contrary to the assertions of the Objecting Parties, allowing the Agent to review these documents would not "interfere" with that proceeding. While the Objecting Parties do not identify how or why permitting the Agent to view these documents would "interfere" with the Illinois Case, disclosure will avoid significant duplication of effort there, and would help to reduce the scope of post-judgment proceedings. For example, to the extent that the documents in question help to reveal avoidable transfers by SK Foods, LLC or otherwise shed light on the disposition of the New Zealand companies held by SK Foods, LLC, the proceedings in Chicago will be significantly streamlined.

## IV. THE RIGHT TO OPEN ACCESS TO THESE PROCEEDINGS AND THE NEED FOR UNINHIBITED INVESTIGATION ARE COMPELLING

Selective disclosure, particularly when there has been no required showing of the need for confidentiality, also conflicts with the requirement that bankruptcy cases be open with respect to creditors and the public at large. Courts have suggested that there is a compelling need for the discovery of such information and that it be readily available to the other creditors, interested parties, and the public at large. *In re Symington*, 209 B.R. 678, 694 (Bankr. D. Md. 1997) (emphasis added) (denying protective order regarding examinee's financial information).

The *Symington* case is consistent with the historical and continuing recognition that, absent some compelling reason, the courts are to be places of open access. Courts have consistently held that there is a presumptive right of access in civil cases. *See, e.g., Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *Brown and Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178 (6th Cir. 1983); *NBC Subsidiary (KNBC-TV), Inc. v. Superior Ct.*, 20 Cal. 4th 1178, 1207-10 (Cal. 1999) ("...the public has an interest, in all civil cases, in observing and assessing the performance of its public judicial system . . . ."). Underpinning this fundamental principle of open access is a recognition of the societal interests of "promot[ing] informed discussion" and the "public perception of fairness." *See United States v. Gonzalez*, 927 F. Supp.

768, 783-84 (D. Del. 1996) (recognizing that open proceedings discourage perjury, provide an outlet for public concern, promote checks on corrupt practices, and enhance the performance of all involved). Given the massive fraud and concealment of assets alleged in this case, the need for open access to information is compelling.

Here, the Court should not stray from these fundamental open access principles. The compelling interest of allowing interested parties and the public access to information obtained in this highly publicized case -- involving wide ranging misconduct at a major local business -- outweighs any alleged prejudice and warrants permitting the Agent to access the information.

### RESERVATION OF RIGHTS

Finally, out of an abundance of caution, the Agent submits a reservation of rights regarding the judgment it obtained on August 24, 2010 against non-debtor SK Foods, LLC in the Illinois Case, which judgment, *inter alia*, ordered the foreclosure of a lien on substantially all of the assets of SK Foods, LLC and permitted the Agent to exercise certain remedies with respect to the Collateral. As described above, the Counter Motion must be denied to the extent that it seeks to prevent disclosure to the Agent, who is the largest creditor in this case. Not only has the Agent obtained judgment in the Illinois Case, but Cary Collins purports to be a director of certain of the Debtors' foreign subsidiaries, and has taken action which the Agent believes is contrary to the interests of the Secured Lenders in order to benefit former insiders, including Scott Salyer and members of his family. Therefore, if any relief sought in the Counter Motion is granted, the order should clarify that: (1) the order relates only to the production of documents in the chapter 11 case as to the Rule 2004 examination by the Trustee and not to any other request; (2) nothing contained in the order shall be deemed to waive, limit or alter any right of the Agent to seek discovery from Collins & Associates or Cary Collins individually in the Illinois case, or waive, limit or alter any other rights, claims or causes of action of the Agent or the Secured Lenders; and (3) all such rights, claims and causes of action of the Agent and the Secured Lenders are reserved. For the avoidance of doubt, the Agent further reserves, and does not waive, any rights, claims or causes of action in case number 09-cv-3479 pending in the U.S. District Court for the Northern District of Illinois against non-debtor SK Foods, LLC.

## CONCLUSION

The fact that the Objecting Parties believe that they may be prejudiced by disclosing the tax return information to the Agent only reinforces the Agent's argument that it must be disclosed. By the Objecting Parties' admission, the tax returns are relevant to the subject matter of both this action and the Illinois Case, and the information contained in the returns is not otherwise readily obtainable. The fact that the request is evaluated under the much broader Rule 2004 standard, as opposed to the Rule 26 standard, reinforces this argument. When viewed against the backdrop of the presumption that the bankruptcy process be conducted in the open with full disclosure to parties in interest, the Objecting Parties have failed to carry the heavy burden required to prevent disclosure to the Agent. As such, any protective order entered in this matter should provide for full disclosure of any produced documents to the Agent, and should provide that all rights, claims or causes of action of the Agent are reserved.

The Agent, on behalf of the Secured Lenders, respectfully requests that the Court deny the Counter Motion, or in the alternative, condition the entry of any protective order on: (1) the order providing for full disclosure to the Agent of all documents produced; and (2) the order providing that all of the rights, claims and causes of action of the Agent are reserved, or granting to the Agent such other relief as the Court deems appropriate under the circumstances.

Dated: August 31, 2010

MARC A. LEVINSON
STACY E. DON
Orrick, Herrington & Sutcliffe LLP

/s/ Marc A. Levinson
MARC A. LEVINSON
Attorneys for Bank of Montreal

Dated: August 31, 2010

JAMES E. SPIOTTO
Chapman and Cutler LLP

/s/ James E. Spiotto
JAMES E. SPIOTTO
Attorneys for Bank of Montreal

OHS West:260981120.1

BANK OF MONTREAL'S RESPONSE TO THE
COUNTER MOTION TO APPROVE PROTECTIVE
ORDER