

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED
JAN 27 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P.,<br><br>Debtor. | Case No. 09-29162-D-11<br><br>Docket Control No. SH-91<br><br>Date: January 24, 2011<br>Time: 9:30 a.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

On December 22, 2010, the chapter 11 trustee in this case, Bradley D. Sharp (the "trustee"), filed a Renewed Motion for Certification of Class Proofs of Claim (the "Motion"). For the reasons set forth below, the court will grant the Motion.

### I. THE POSITIONS OF THE PARTIES

The trustee seeks an order as follows: (1) certifying as class proofs of claim for purposes of a settlement of such claims the proofs of claim filed in this case by Bruce Foods Corp., Cliffstar Corp., Diversified Foods and Seasonings, Inc., and Four In One Co. Inc. (the "Class Representatives"); (2) defining the claimants who will be entitled to participate as members of the class; (3) certifying the Class Representatives as the representatives of the class for purposes of the allowance and treatment of their claims in this case; (4) appointing the law firms of Quinn Emanuel Urquhart & Sullivan LLP and Hausfeld LLP

as counsel to the class ("Class Counsel"); and (5) establishing further procedures relating to the class. At the hearing, counsel for the unsecured creditors' committee stated that the committee strongly supports the Motion.

Scott Salyer ("Salyer"), president of SK PM Corp., general partner of debtor SK Foods, L.P., together with various entities related to Salyer (collectively, the "Salyer entities") oppose the Motion, as further described below.

## II. ANALYSIS

The Motion is brought pursuant to Fed. R. Civ. P. 23 ("Rule 23"), incorporated herein by Fed. R. Bankr. P. 7023. The trustee must satisfy the four requirements set forth in Rule 23(a) and at least one of the three requirements of Rule 23(b).

First, the authorities cited and reasoning presented by the trustee on the issues of numerosity, commonality, typicality, and adequacy are persuasive, and the Salyer entities have made no argument as to any of these issues. Thus, the court adopts the trustee's analysis and finds that the requirements of Rule 23(a) are met.

Next, the trustee contends that the Motion satisfies the requirements of Rule 23(b)(3); namely, that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating their claims. The Salyer entities do not contest the first of these -- that common questions of law or fact predominate, and the court adopts the trustee's analysis on this issue.

The Salyer entities' contention is that the trustee has not demonstrated that class certification is a preferred method of adjudicating the claims of the putative class members. First, they note that the claims bar date in this case has passed. They argue that although putative class members might file late claims if class certification is denied, "there is no reason to believe that such late claims, if any, would embroil the estate in more controversies than will be generated by the opt out provisions of the Settlement."[1]

The Salyer entities argue it is unlikely that parties who failed to file timely proofs of claim in the first instance would decide to file late claims if class certification is denied. Assuming none of these parties filed late claims, the trustee would have only 11 individual claims to deal with.[2] Of those 11, several are for very small amounts, and the trustee would likely not object to them. Thus, at first glance, it appears that class certification is not particularly preferable to the ordinary individual claims procedure.

However, although the majority of the putative class members were listed on the debtor's master address list (from which the service list for the court's notice of the claims bar date is derived), many were not, and it is likely many of those did not receive notice of the case in time to file a proof of claim. At

---

1. Objection to Renewed Motion for Certification of Class Proofs of Claim, filed January 10, 2011 (the "Objection"), 1:21-23.

2. The trustee's reply to the Salyer entities' opposition contains as an exhibit a list of the 232 putative class members, with a checkmark for those who filed timely proofs of claim -- there are only 11.

least a portion of those would be expected to file late claims in the event class certification is denied. Further, as the trustee points out, even claimants who received timely notice of the case might file late claims, contending they did not file their own claims on a timely basis because they relied on the Class Claims, which were timely filed.

Thus, if class certification is denied, the trustee would likely have late claims to resolve or litigate, as well as the original 11, some of which are substantial enough in amount to warrant an objection. On the other hand, if the class is certified, as the trustee points out, putative class members are not likely to opt out because most would recognize that the cost of litigating their individual claims would likely exceed their potential recovery. Further, opt-outs are a possibility in every class action; there is nothing about this case that makes the prospect any more troublesome than in any other. In short, the court agrees with the trustee that class treatment is a superior method to individual adjudication of the claims.

Next, the Salyer entities complain that the trustee's proposed class procedures would "require[] a separate claim process to determine the recoveries to be provided to any individual Class member."[3] Again, this is a factor in every class action that is settled or adjudicated in favor of class plaintiffs. The trustee's reply satisfies the court that he, or Class Counsel, will be able to propose a reasonable and cost-effective mechanism for determining individual distributions at

---

3.   Objection, 1:23-2:1.

the appropriate time, a mechanism that will be superior to resolving the claims on an individual basis.

Third, the Salyer entities refer to Kraft Foods' purported decision to opt out of the putative class. They contend that "[t]he estate, therefore, will be effectively double counting the Kraft claim, i.e. Kraft retains its direct claim and the Class Representatives will receive an allowed claim that presumably was negotiated when it was contemplated that Kraft would remain part of the Class."[4] They complain that the trustee's proposed compromise of the Class Claims "does not provide a mechanism for a reduction of the allowed claims to be provided to the Class Representatives in the event that members opt out of the Class."

First, Kraft conveyed its purported opt-out before any class had been certified; in fact, the putative class has not yet been certified. Second, the court accepts the trustee's response and the representations made at the hearing that he, Class Counsel, and the Class Representatives contemplated the possibility of opt-outs, particularly of large claims, at the time they negotiated the compromise. Third, reducing the Class Claim amounts allowed under the compromise by the amounts of opt-out claims would be unworkable,[5] and would render the compromise far too uncertain to enable putative class members to make a reasoned decision whether to participate or to opt out.

///

---

4. Objection, 2:24-26.

5. Would the reduction be based on the face amounts of the claims opting out even if those claims are disputed? Or would the trustee have to litigate or settle the opt-out claims before the Class Claims would be reduced?

Finally, the Salyer entities contend the compromise, and presumably the class certification, "complicates and leaves unresolved the claims reconciliation process."[6] They list six questions as examples. The court agrees with the trustee -- these questions have no bearing on the issue whether class treatment is the superior method for resolution of these claims. To whatever extent they do pertain, the court is satisfied with the trustee's responses. The trustee proposes to seek court approval of the proposed claims resolution process at the appropriate time; objections may be raised then.

Rule 23(b)(3) lists the matters pertinent to the question whether a class action is the superior method for fairly and efficiently adjudicating putative class claims as including:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Rule 23(b)(3).[7]

The third factor -- concentrating litigation of the claims in a particular forum -- does not apply in this case. The fourth -- difficulties in managing a class action -- is neutral here because of the compromise of the Class Claims. As for the first and second factors, the court considers that the Class Representatives entered into the compromise on the assumption

---

6. Objection, 3:1-2.

7. The Salyer entities have not addressed any of these issues.

that the class would be certified, that the trustee served notice of the Motion on all known putative class members, and that none has opposed the Motion. None of the class members has asserted that its interests in individually controlling the prosecution of its claim should defeat class certification. Finally, certification of the class in this case, for purposes of approving the compromise of the class members' claims against the estate, will have no negative effect on the litigation already begun by the class members -- the district court actions.

### III. CONCLUSION

For these reasons, and because a cost-benefit analysis strongly supports granting the Motion, and finding the Salyer entities' arguments to be unpersuasive, the court concludes that class certification is the superior method of fairly and efficiently adjudicating the Class Claims. Accordingly, the court will grant the Motion, certify the proofs of claim filed by the Class Representatives as class claims for purposes of the compromise, define the claimants who will be entitled to participate as members of the class, certify the Class Representatives as the representatives of the class for purposes of the allowance and treatment of their claims in this case, and appoint the law firms of Quinn Emanuel Urquhart & Sullivan LLP and Hausfeld LLP as counsel to the class. Finally, the court will approve the trustee's proposal for subsequent court consideration of notice to the class members, as set forth in his memorandum of points and authorities.

/ / /
/ / /

Case 09-29162    Filed 01/27/11    Doc 2730

The trustee may submit an appropriate order.

Dated: Jan. 27, 2011

Robert Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Kevin Coleman
Schnader Harrison Segal & Lewis
One Montgomery Street, Ste. 2200
San Francisco, CA 94104- 5501

Marc Levinson
Orrick Herrington & Sutcliffe
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497

Jaime Dreher
Downey Brand, LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731

Andrea Miller
Nageley Meredith & Miller
8001 Folsom Blvd., Suite 100
Sacramento, CA 95826

Eric Winston
Quinn Emanuel Urquhart & Sullivan
50 California Street, 22nd Floor
San Francisco, CA 94111

Malcolm Segal
Segal & Kirby, LLP
770 L Street, 1440
Sacramento, CA 95814

Julie Oelsner
Weintraub Genshlea Chediak
400 Capitol Mall, 11th Fl.
Sacramento, CA 95814

Bank of Montreal
c/o Ann Acker
Chapman and Cutler
111 W Monroe Street
Chicago, IL 60603

Paul Pascuzzi
Felderstein Fitzgerald
  Willoughby & Pascuzzi
400 Capitol Mall, Suite 1450
Sacramento, CA 95814

DATE: January 27, 2011

_____
Deputy Clerk