MALCOLM S. SEGAL -SBN 075481
JAMES R. KIRBY II - SBN 088911
JAMES P. MAYO - SBN 169897
SEGAL & KIRBY LLP
770 L Street, Suite 1440
Sacramento, CA 95814
Telephone: (916) 441-0828

STEVEN H. FELDERSTEIN, SBN 056978
PAUL J. PASCUZZI, SBN 148810
TANIA M. MOYRON SBN 235736
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, California 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435

Attorneys for Defendants Scott Salyer, Scott Salyer individually and as Trustee of the Scott Salyer Revocable Trust, and the Scott Salyer Revocable Trust

ANDREA M. MILLER, State Bar No. 88992
JAMES C. KEOWEN, State Bar No. 173546
NAGELEY MEREDITH & MILLER, INC.
8001 Folsom Boulevard, Suite 100
Sacramento, CA 95826
Telephone: (916) 386-8292
Facsimile: (916) 386-8952

Attorneys for Defendants SK PM Corp., SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC SSC Farms II, LLC and SSC Farms III, LLC, SKF Aviation, LLC and CSSS, LP d/b/a Central Valley Shippers

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, LP, a California limited partnership, et al.,<br><br>Debtors. | CASE NO.: 09-29162-D-11<br>Chapter 11<br>DCN: SH-120<br><br>NON-DEBTOR DEFENDANTS' OPPOSITION TO APPLICATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 EXAMINATION OF GARY PERRY<br><br>Date: August 17, 2011<br>Time: 10:00 a.m.<br>Place: 6th Floor, Courtroom 34 |

Defendants Scott Salyer, individually and as Trustee of the Scott Salyer Revocable Trust, the Scott Salyer Revocable Trust, SK PM Corp., SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, SKF Aviation, LLC, and CSSS, LP d/b/a Central Valley Shippers ("Defendants"), hereby file their opposition to the Trustee's Application for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of Gary Perry and Production of Documents and Granting Related Relief ("Application for 2004 Order") on the basis that the stated reason for the examination, to determine if the estate holds any valid claims against Perry, is an attempted end run around the Stay order issued by the Court on June 28, 2011, and should be denied.

I. **The Trustee's Request for a 2004 Examination is a Poorly Concealed Attempt at Evading the Stay of the Adversary Proceedings.**

The Trustee has supported the Application for 2004 Order a statement of facts sufficient to support the filing of an adversary proceeding against Mr. Perry notwithstanding its claims to the contrary; namely his claim that Mr. Perry has represented SK Foods in the past and has now represented some of the non-debtor farming entities and used information gleaned from this latter representation to the detriment of SK Foods.

A close reading of the Declaration of Bradley D. Sharp in Support of Application for Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of Gary Perry and Production of Documents and Granting Related Relief ("Sharp Decl.") confirms the fact that the Trustee already possesses sufficient information to file an adversary complaint against Mr. Perry. In the Sharp Decl., the Trustee outlines a transaction wherein SK Foods transferred ownership of SK Foods Australia, Pty., Ltd. to the Scott Salyer Revocable Trust and SKPM Corp. In support, the Trustee submits numerous documents that he claims show that "Perry may have been involved in executing the post-petition transfer documents giving rise to potential claims against Perry." Sharp Decl. at ¶18. Since the Trustee has facts and documentary evidence that he needs to proceed with a claim against Perry, his claim that the 2004

Examination is needed in order to determine if the Estate holds any claims against Perry is at the very least, misleading. The Trustee does not need to prove his case against Perry in order to file an adversary complaint alleging malpractice. The proper course would be to file an adversary claim against Perry and then take his deposition.

When viewed in this light, the claimed need for a 2004 examination is nothing more than a poorly concealed attempt to avoid the stay on discovery in the adversary proceedings. Moreover, as is more fully explained below, the Application for 2004 Order is also improper because of the pendency of the adversary proceedings. A lack of forthrightness in setting forth the purpose of the Rule 2004 examination is grounds to deny the application. See *Collins v. Polk*, 115 F.R.D. 326, 328-29 (M.D. La. 1988). In this case, the Trustee has filed very recently several dozen adversary complaints because the limitations period was lapsing and the defendants in these newly filed adversary complaints refused to enter into tolling agreements. The Trustee did not seek any Rule 2004 examination prior to filing them. The running of this tolling agreement is no different. The Trustee knows that any such adversary proceeding would result in the filing of a stay motion and that this motion would undoubtedly be granted based on the same reasoning of the prior stay orders. Consequently, if the Trustee filed an adversary complaint, no discovery could be sought of Mr. Perry in light of the very real need for access to the testimony of Mr. Salyer. Knowing this, the Trustee has brought the instant application in a poorly concealed attempt to obtain discovery to which he is not entitled to at this time.

**II.   The Trustee's Request for an Order stating that questions to Perry are not objectionable simply because they might elicit testimony relevant to the merits of a stayed adversary proceeding is contrary to the majority rule.**

In addition to seeking a Rule 2004 examination of Mr. Perry, the Trustee also seeks an order holding that "questions and document requests relevant to the Trustee's investigation of potential claims against Perry are not objectionable solely because such questions also elicit testimony that is relevant to one of the stayed actions." Application for 2004 Order at 5:9-11. The Trustee then states that "some courts have held that Rule 2004 examinations cease to be

appropriate discovery tools once litigation is pending . . . [and that] this opinion is far from universal" *Id*. at 11:14-16.

To state that "some courts" have so held and that this rule is "far from universal" is disingenuous. The simple fact is that <u>most</u> courts that have addressed this issue have held that a 2004 examination is inappropriate when a party seeks to depose a witness on issues that are the subject of a pending adversary proceeding. *See In re Symington*, 209 B.R. 678, 683 (Bankr. D. Mary. 1997) ("The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the F.R.Bankr.P. 7026 et seq, rather than by a Fed.R.Bankr.P. 2004 examination."); *See also In re Bakalis*, 199 B.R. 443, 448 (Bankr. E.D.N.Y. 1996) (Rule 2004 "examinations may be used to prepare for initiation of litigation, once a matter becomes contested or an adversary proceeding is commenced, further discovery should be obtained pursuant to the Federal Rules of Civil Procedure."); *In re Almatis B.V.*, 2010 Bankr. LEXIS 4243, *10 (Bankr. S.D.N.Y. 2010) ("If an adversary proceeding or a contested matter is pending, then Federal Rules of Bankruptcy Procedure 7026-7037 apply and Rule 2004 should not be used."); *In re Pan Am. Hosp. Corp.*, 2005 Bankr. LEXIS 734, *8-*9 (Bankr. D. Fla., 2005) ("[I]f a contested matter or adversary proceeding is pending, Rule 2004 should not be used, but rather the various discovery provisions of the Federal Rules of Civil Procedure should apply."); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 515-517 (Bankr. E.D.N.Y. 1991) ("Rule 2004 examinations should not be used to obtain information for use in an unrelated case or proceeding pending before another tribunal").[1]

In an attempt to evade this well-settled rule, the Trustee relies on the case of *In re Best Craft General Contractor*, 239 B.R. 462, 465 (Bankr. E.D.N.Y. 1999) for the proposition that "Rule 2004 Examinations, when initiated for a legitimate purpose, may proceed even in instances where there is the possibility that the resulting evidence could be used in collateral litigation." However, *In re Best Craft General Contractor* dealt with a situation where there was

---

[1] There are literally dozens of other cases that stand for this proposition. For brevity's sake, these additional cases were not cited.

a pending *state court* action and a party moved for a 2004 examination. *Id.* at 464. Further, this excerpt is clearly dicta, as the citation the Trustee provided is to an order denying a motion to disqualify counsel and a related motion seeking sanctions pursuant to Federal Rule of Bankruptcy Procedure 9001. *Id.* The Trustee provides no other support for this assertion, and given the vast body of case law cited above that clearly disfavors 2004 examinations when an adversary proceeding is pending, the assertion must be disregarded.

The Trustee also relies heavily on *In re Intern Fibercom, Inc.*, 283 B.R. 290 (Bankr. Ariz. 2002). The Trustee suggests that his "current situation is akin to Liberty's 'extreme information deficit' insofar as the Salyer parties possess and control significant information that remains unknown to the Trustee and is likely to lead to additional recovery for the benefit of creditors." Application for 2004 Order at 13:14-17. This assertion borders on the absurd. As this Court is well aware, the Trustee has hundreds of thousands of documents of both SK Foods LP and the Defendants. Indeed, nearly all of the documentary evidence that the Defendants possess was received from the Trustee. The facts and documentary evidence in the Trustee's possession belies his claim that he is at an "extreme information deficit."

Further, in *In re Intern Fibercom, Inc*, Liberty - the party seeking the 2004 examination - had no opportunity to conduct any discovery, either in the bankruptcy proceeding or in the collateral proceeding. Given this fact, the court held that it was proper to allow Liberty to conduct a 2004 examination in order to "uncover additional claims that may exist for the benefit of the estate." *Id.* at 293. Unlike Liberty, the Trustee has access to voluminous information that it has already obtained through a variety of sources and, as detailed above, already has enough information to assert a claim against Perry on behalf of the bankruptcy estate.

Given the clarity in the above case law, even if the Court allows the 2004 Examination of Mr. Perry to proceed, which Defendants assert would be improper, it must deny the Trustee's request for an order holding that questions and document requests relevant to the Trustee's investigation of potential claims against Perry are not objectionable solely because such questions also elicit testimony that is relevant to one of the stayed actions.

DEFENDANTS' OBJECTION TO APPLICATION FOR
RULE 2004 EXAMINATION OF GARY PERRY

## III. CONCLUSION

Based on the foregoing, the Defendants respectfully request that the Court enter an order as follows:

1. Deny the application for Rule 2004;

2. In the alternative, deny the Trustee's request that for an order stating that questions and document requests relevant to the Trustee's investigation of potential claims against Perry are not objectionable solely because such questions also elicit testimony that is relevant to one of the stayed actions; and

3. For such other and further relief as may be just and proper under the circumstances.

DATED: August 3, 2011.

FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP

/S/ PAUL J. PASCUZZI
PAUL J. PASCUZZI
Counsel for Scott Salyer, Scott Salyer individually and as Trustee of the Scott Salyer Revocable Trust, and the Scott Salyer Revocable Trust

NAGELEY MEREDITH & MILLER, INC

/S/ CONNOR MOSCNY
SBN:264937 FOR
JAMES C. KEOWEN
JAMES C. KEOWEN
Counsel for SK PM Corp., SK Foods, LLC, SKF Canning, LLC, Blackstone Ranch Corporation, Monterey Peninsula Farms, LLC, Salyer Management Company, LLC, SK Farms Services, LLC, SK Frozen Foods, LLC, SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC SSC Farms II, LLC, SSC Farms III, LLC, SKF Aviation, LLC and CSSS, LP d/b/a Central Valley Shippers

SEGAL & KIRBY LLP

/S/ MALCOLM S. SEGAL
MALCOLM S. SEGAL
Counsel for Scott Salyer, Scott Salyer individually and as Trustee of the Scott Salyer Revocable Trust, and the Scott Salyer Revocable Trust