2009-29162
FILED
September 02, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003744480

**4 PAGES**

Gregory C. Nuti (CSBN 151754)
 gnuti@schnader.com
Kevin W. Coleman (CSBN 168538)
 kcoleman@schnader.com
Natalie Bush-Lents (CSBN 253124)
 nbush-lents@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, California 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Attorneys for Bradley D. Sharp,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>SK FOODS, L.P., a California limited partnership, et al.<br><br>Debtor. | Case No. 09-29162-D-11<br><br>Chapter 11<br><br>DC No. SH-120<br><br>**ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AUTHORIZING EXAMINATION OF GARY PERRY AND PRODUCTION OF DOCUMENTS, AND GRANTING RELATED RELIEF**<br><br>Date: August 24, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 34<br>  501 I Street, 6th Floor<br>  Sacramento, CA 95814<br>Judge: Hon. Robert S. Bardwil |

RECEIVED
September 02, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003744480

ORDER PURSUANT TO FRBP 2004 AUTHORIZING EXAMINATION OF GARY PERRY AND
PRODUCTION OF DOCUMENTS AND GRANTING RELATED RELIEF

PHDATA 3586767_1

At the date, time, and place set forth above, the Court considered the Application Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of Gary Perry and Production of Documents and Granting Related Relief (the "Application") [Doc. No. 3128], filed on July 20, 2011 by Bradley D. Sharp (the "Trustee"), the duly appointed and acting chapter 11 trustee for SK Foods, L.P., a California limited partnership ("SK Foods"), and RHM Industrial/Specialty Foods, Inc., a California corporation, d/b/a Colusa County Canning Co. ("RHM" and collectively with SK Foods, the "Debtors"), the memorandum of points and authorities therein, the declarations, responses, and all supporting and supplemental papers filed in support and in opposition thereof. Appearances were made orally on the record.

The Court has duly considered the Application, the memorandum of points and authorities therein, the declarations, supplemental papers, and responses filed in support thereof; and the arguments and statements made on the record at the hearing. Based upon the foregoing:

**IT IS HEREBY ORDERED THAT:**

1. Except as provided in paragraph 2 below, Gary Perry ("Perry") must produce to the trustee the documents described in Exhibit A to the Trustee's Application by no later than close of business on September 1, 2011;

2. Mr. Perry must deliver to the Trustee a privilege log, itemizing with particularity the documents sought by the Trustee that Mr. Perry contends are covered by the attorney-client privilege or by a right of privacy, by no later than close of business on September 1, 2011;

3. Any motion to compel or motion for protective order must be filed and served by email by no later than September 6, 2011;

4. Any oppositions to the motion to compel or motion for protective order must be filed and served by email by no later than September 7 2011;

5. Any hearing, if necessary, on the motion to compel or motion for protective order will be set for September 8, 2011 at 1:00 p.m.;

2
ORDER PURSUANT TO FRBP 2004 AUTHORIZING EXAMINATION OF GARY PERRY AND
PRODUCTION OF DOCUMENTS AND GRANTING RELATED RELIEF
PHDATA 3586767_1

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

6. Mr. Perry shall appear for an examination under oath at the offices of Downey Brand LLP in Sacramento, California on September 9, 2011 at 10:00 a.m.

7. Any of the foregoing dates may be modified by stipulation of the parties, except that any continuance of the hearing on the motion to compel or motion for protective order will be set subject to the Court's availability;

8. The Rule 2004 examination of Mr. Perry may be taken concurrently with the deposition of Mr. Perry pursuant to this Courts' June 28, 2011, for the purpose of investigating allegations of non-compliance with the Preliminary Injunction filed March 20, 2011 (as amended), arising out of the purported payment to Mr. Perry made by SSC Farming, LLC on or about February 1, 2011, totaling approximately $510,408.41 (the "February 1 Payment"); except that, as requested by Mr. Perry, the questioning in the Rule 2004 examination is to be segregated from the questioning in the deposition;

9. Questions and document requests relevant to the Trustee's investigation of potential claims against Mr. Perry are not objectionable on the ground that they seek attorney-client communications when Mr. Perry was acting as counsel for the Debtor and another individual or entity as joint clients of Mr. Perry; however, Mr. Perry may raise on a question-by-question basis objections based on the ground that he was not acting as counsel for the Debtor and another as joint clients;

10. Questions (a), (b), (c), (d), (e), (h), and (i) listed in paragraph 12 of the Trustee's Application, and referenced as follows, are not objectionable solely on the ground that they seek attorney-client communications:

(a) Whether Perry has a current or former attorney-client relationship with any individual or entity that has been named as a defendant in any adversary proceeding brought in the above-captioned bankruptcy case or that has made a claim in the above-captioned bankruptcy case (the "Client");

(b) When any attorney-client relationship between Perry and the Client commenced, if any such relationship terminated, and if so, when;

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CALIFORNIA 94104-5501
TELEPHONE: 415-364-6700
FACSIMILE: 415-364-6785

(c) The subject matter areas regarding which Perry provided legal services to the Client;

(d) The amounts that Perry billed to the Client and the dates on which such bills were sent;

(e) The amounts and dates on which Perry received payment from or on behalf of the Client;

(h) Communications between Perry and any non-client third party, including but not limited to meetings, discussions or correspondence during his trip to Australia/New Zealand in July 2009; and

(i) Communications between the Client and any non-client third party, made in Perry's presence, unless such conversation was part of a joint defense between the Client and the non-client third party.

11. Question (f) listed in paragraph 12 of the Trustee's application, namely, the sources from which Mr. Perry received payments, is not objectionable solely on the ground that it seeks attorney-client communications, unless the Court orders otherwise in addressing an objection to a particular question.

Dated: September 02, 2011

Robert S. Bardwil, Judge
United States Bankruptcy Court

United States Bankruptcy Judge