UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

---

| | | | |
|---|---|---|---|
| Case Title : | SK Foods, L.P. | Case No : | 09-29162 - D - 11 |
| | | Date : | 12/21/11 |
| | | Time : | 10:00 |

| | | |
|---|---|---|
| Matter : | [3473] - Motion/Application for Stay Pending Appeal [FBM-1] Re: [3364] Order on Motion/Application to Approve Compromise under Rule 9019 Filed by Creditors Blackstone Ranch Corporation, CSSS, LP, Monterey Peninsula Farms, LLC, SK Farms Services, LLC, SK Foods, LLC, SK Frozen Foods, LLC, SKF Aviation, LLC, SKF Canning, LLC, SKPM Corp., SS Farms, LLC, SSC Farming, LLC, SSC Farms I, LLC, SSC Farms II, LLC, SSC Farms III, LLC, Scott Salyer, Salyer Management Company, LLC, Scott Salyer Revocable Trust (stps) | OPPOSED |

| | |
|---|---|
| Judge : | Robert S. Bardwil |
| Courtroom Deputy : | Nancy Williams |
| Reporter : | Diamond Reporters |
| Department : | D |

---

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Creditor's Attorney - Ben Geiger
**Respondent(s) :**
   Trustee's Attorney - Michael Carlson
   Creditor's Attorney - Spencer Christenson

---

MOTION was :

The court will issue a minute order.

Final ruling:

This is the motion of Scott Salyer and related entities (the "Salyer Entities") for a stay pending their appeal of this court's October 24, 2011 order approving a compromise between the trustee in this case, Bradley D. Sharp, and the Bank of Montreal as agent for a group of secured lenders ("BMO") (the "Order"). As the moving parties, the Salyer Entities have the burden of proof and must prove that: (1) they are likely to succeed on the merits of the appeal; (2) they will suffer irreparable injury absent a stay; (3) a stay will not substantially harm the estate or BMO; and (4) a stay will do no harm to the public interest. Ohanian v. Irwin (In re Irwin), 338 B.R. 839, 843 (E.D. Cal. 2006), citing Universal Life Church v. United States (In re Universal Life Church), 191 B.R. 433, 444 (E.D. Cal. 1995). The court evaluates the first three of these tests "on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Golden Gate Rest. Ass'n v. City of San Francisco, 512 F.3d 1112, 1116 (9th Cir. 2008), citations omitted. At one end of the scale, the appellant will prevail if it shows "a strong likelihood of success on the merits and the possibility of irreparable injury;" at the other end, if it shows "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." Id. at 1115-16. The fourth test where the public interest lies is considered separately. Id. at 1116.

In addressing the likelihood of success on the merits of the appeal, the Salyer Entities focus exclusively on

two issues (1) their view of the appropriate standard for valuing a 507(b) claim as liquidation value rather than going concern value, and (2) the testimony of their expert witness, John P. Brincko. The Salyer Entities ignore large portions of the analysis in the court's Memorandum Decision supporting the Order, including its legal analysis, its conclusion that the going concern standard more accurately reflected what actually occurred in this case, and its discussion of a host of problems with Mr. Brincko's testimony, not the least of which was his own use of conflicting valuation standards. The Salyer Entities also ignore the contrary evidence of the trustee's expert, Stan Speer, who testified to a much different valuation range for the superpriority claim, and they ignore the fact that Mr. Brincko himself failed to address the discrepancy between his and Mr. Speer's opinions. Instead, the Salyer Entities apparently believe the court also should have simply ignored Mr. Speer's testimony.

Most important, the Salyer Entities state that "the Court relied upon the going concern valuation prepared by the Debtors' financial advisors prior to the Petition Date (the Chanin Valuation') . . . ." First, this is not correct, and second, it reflects a fundamental misunderstanding of the court's role in approving the compromise. The statement is not correct because the court did not "rely on" the Chanin report; it considered that report and Mr. Speer's testimony, along with Mr. Brincko's. The court's role in assessing the compromise was not to determine the amount of BMO's superpriority claim or even to determine which of conflicting pieces of evidence was the more credible or the more valid, but merely to canvass the issues and evidence to "see whether the settlement falls below the lowest point in the range of reasonableness." Spirtos v. Ray (In re Spirtos), 2006 Bankr. LEXIS 4894 at *32, quoting In re Pacific Gas & Elec. Co., 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004). In short, as the trustee puts it, the Salyer Entities continue to attack a single term of the settlement the allowed amount of BMO's superpriority claim, while ignoring the court's analysis of the significant other aspects of the settlement.

Finally, the Salyer Entities offer the conclusions that (1) the absence of a stay pending appeal could moot their appeal and expose them to harm, harm that could be irreparable; (2) there is no risk to BMO in staying the Order pending appeal; and (3) a stay would serve the public interest because it would preserve the integrity of the right to appeal. They offer no specifics at all, and they fail to even mention the possibility of harm to the estate. As the trustee points out, a stay would delay the continued administration of the estate, force the estate to incur costs of preserving and prosecuting the claims assigned to BMO in the compromise, and render those claims more difficult to prosecute as time passes and evidence and memories deteriorate. This would harm the estate and BMO, to the unfair advantage of the Salyer Entities, who are the targets of some of the assigned claims.

To summarize, the Salyer Entities have not met their burden of showing either (1) a strong likelihood of success on the merits and the possibility of irreparable injury or (2) that serious legal questions are raised and that the balance of hardships tips sharply in its favor. As a result, the motion will be denied.

The court will hear the matter.